## PETERSON

v.

## STATE HIGHWAY COMMISSIONER.

### No. 7391.

Supreme Court of North Dakota.

Jan. 14, 1954.

T. S. Stuart, Crosby, for plaintiff and respondent.

Olaf Braatelien, Crosby, amicus curiae.

E. T. Christianson, Atty. Gen., and Ernest R. Fleck, Special Asst. Atty. Gen., Alvin C. Strutz, Special Asst. Atty. Gen., on oral argument, for defendants and appellants.

SATHRE, Judge.

This action arose out of a controversy between the plaintiff and the County Commissioners of Divide County and the State Highway Commissioner. The State Highway Commissioner had taken a part of plaintiff's land for highway purposes and the County Commissioners of the county were requested by the Highway Commissioner to assess the damages and make an award to the plaintiff for the land thus taken. All of the proceedings were had under Title 24, of the Revised Code of North Dakota for 1943 which deals with the state highway system and the duties of the State Highway Commissioner. The

county commissioners inspected the land taken and assessed the damages and made an award to the plaintiff of $25 per acre for the land taken which was 4.6 acres. The plaintiff was dissatisfied with the award and attempted to take an appeal to the district court of Divide County.

The plaintiff prepared notice of appeal and filed the same with the Clerk of the District Court and served the same upon the Chairman of the Board of County Commissioners within thirty days as provided by Section 24-0722. However said notice was not served on the Highway Commissioner until after the time for appeal had expired. No undertaking for costs was served or filed as required by Section 24-0723 NDRC 1943. Thereafter the defendants made a motion in the District Court of Divide County for dismissal of plaintiff's appeal upon the grounds that no undertaking was filed as required by Section 24-0723 NDRC 1943.

The motion was heard before the Hon. A. J. Gronna, Judge of said District Court, and after hearing the motion was denied, and an order made and entered accordingly. The defendants appealed from the order upon the same grounds as stated in their motion made in the District Court for dismissal of plaintiff's appeal.

The appellants contend that plaintiff's attempted appeal to the District Court is fatally defective for the reason that no undertaking was furnished and filed as required by Section 24-0723 NDRC 1943.

The land of the plaintiff involved here was taken by the State Highway Commissioner under the powers granted by Title 24-01 NDRC 1943 governing the state highway system.

Section 24-0123 NDRC provides that any party aggrieved by the proceedings of the State Highway Commissioner in the taking of land or materials, or by the estimate of damages and the award of the county commissioners, shall have the remedies provided by Chapter 7 of this title for appeal from any determination of the board of county commissioners in the taking of land for highway purposes. The statute provides further that an appeal from the award by the board of county commissioners, without filing a cost bond may be taken by the State Highway Commissioner.

Chapter 7 referred to in this section embraces sections 24-0722, 24-0723 and 24-0724. Section 24-0722 provides that any person feeling himself aggrieved by any determination or award of damages by the board of county commissioners having jurisdiction may appeal within thirty days from the filing of such award or determination. Section 24-0723 provides that such appeal shall be taken by service and filing of a notice of appeal and undertaking for costs. Section 24-0724 provides that where the appeal is taken to the District Court the undertaking shall be approved by the District Judge. In the instant case the plaintiff, in appealing to the District Court from the award made by the county commissioners, served and filed notice of appeal, but did not serve or file any bond for costs as required by Section 24-0723.

■ There is no ambiguity in the language of the statutes quoted. Section 24-0123 supra provides that any party feeling aggrieved by the proceedings of the State Highway Commissioner in the taking of land, or by the action of county commissioners in making an award must pursue the remedies provided by Chapter 7. Section 24-0723 provides specifically that an undertaking for costs must be served and filed with the notice of appeal. The requirement for a bond is almost identical with the requirements of the statutes providing for appeals from the justice courts to the district courts and from the district courts to the supreme court. It is well settled by decisions of this court that in taking appeals the filing and service of an undertaking when required by statute is a jurisdictional prerequisite. McClenahan v. Meek, 68 N.D. 255, 278 N.W. 469; Stewart v. Lyness, 22 N.D. 149, 132 N.W. 768.

In the amicus curiae brief counsel argues that section 24-0514 NDRC 1943 gov-

erns the appeal under consideration in the case at bar. This section provides among other things, that "Any party aggrieved by the award made as provided in section 24-0511 [NDRC 1943] shall have the remedy now provided by law for an appeal from any determination of the board of county commissioners in taking of lands by a county for highway purposes. Appeal from such award shall be taken without bond * * *."

Counsel overlooks the fact that sections 24-0511 and 24-0514 deal with the taking of lands by the county commissioners for county roads and have no application to proceedings by the state highway commissioner in taking lands for state highways. The only function of the county commissioners when land is taken for state highways is to assess the damages and to make an award to the owner of the lands taken upon request by the State Highway Commissioner. Section 24-0123 expressly provided that a party appealing from the proceedings of the Highway Commissioner or from the award made by the county commissioners at the request of the Highway Commissioner shall have the remedies provided by Chapter 7, but exempts the State Highway Commissioner from filing a cost bond in appealing from an award made by the county commissioners. It is clear that the exemption in section 24-0123 applies only to the State Highway Commissioner and has no application to appeals made by parties aggrieved by the proceedings of the State Highway Commissioner or by awards made by the county commissioners where lands are taken for state highways.

The plaintiff having failed to file a cost bond as required by Section 24-0723, NDRC 1943, the district court was without jurisdiction to hear and determine the issues in the case. The order of the district court denying the motion of the defendant for dismissal of plaintiff's appeal to the district court must therefore be reversed and it is so ordered.

MORRIS, C. J., and CHRISTIANSON, GRIMSON and BURKE, JJ., concur.