Richard E. EVANSON, Petitioner/Appellee,

v.

J. O. WIGEN, Commissioner of Insurance, Respondent/Appellant.

No. 9012.

Supreme Court of North Dakota.

Aug. 30, 1974.

Thomas O. Smith, Sp. Asst. Atty. Gen., Dept. of Ins., Bismarck, for respondent/appellant.

McGee, Hankla, Backes & Wheeler, Minot, for petitioner/appellee.

KNUDSON, Judge.

This is an appeal by the Commissioner of Insurance [hereinafter Commissioner] from an order of the district court declaring void the Commissioner's order revoking the licenses of Richard E. Evanson [hereinafter Evanson] as a resident insurance agent, and remanding the matter to the Commissioner for a hearing on the merits.

A complaint was filed with the Commissioner by Grayce E. Twito in regard to Evanson's conduct as an insurance agent. Pursuant to the complaint, the Commissioner gave a notice of opportunity for hearing, stating the Commissioner's proposed order:

"IT IS HEREBY ORDERED that the licenses of the said Richard E. Evanson to act as a resident insurance agent in the State of North Dakota be and hereby are revoked."

Upon receipt of the notice of opportunity for hearing, Evanson filed with the Commissioner a request for a hearing and asserted therein that the allegations in the complaint were false. Thereupon the Commissioner issued a notice of hearing notifying Evanson that a hearing would be held in the Commissioner's office on September 18, 1973 at 3:00 P.M. CDST. Evanson was neither present nor represented by counsel at the hearing. The Commissioner proceeded in the absence of Evanson with the hearing and received the following documents:

1. Commissioner's Exhibit #1, complaint signed by Grayce E. Twito;

2. Commissioner's Exhibit #2, the notice of opportunity for hearing;

3. Commissioner's Exhibit #3, Evanson's request for a hearing; and

4. Commissioner's Exhibit #4, the notice of hearing.

Upon the motion by the counsel for the Commissioner and the exhibits received, the Commissioner entered an order revoking Evanson's licenses. The Commissioner's findings of fact, conclusions of law, decision, and order were served upon Evanson by certified mail.

Evanson asserts that shortly thereafter he met with the Commissioner and discussed the matter of obtaining a rehearing. The date of the meeting is not clear and the substance of the discussion is in dispute. However, it is agreed that the Commissioner at this time advised Evanson to retain counsel. Whatever may have been the matter discussed, no rehearing was granted by the Commissioner.

Evanson then filed with the district court a petition for a judicial review of the proceedings of the Commissioner with an affidavit in support thereof for an order to show cause why the licenses should not be reinstated. The Commissioner filed a motion to vacate the order to show cause and a return to the order to show cause. The matter came on for hearing before the district court, whereat no additional testimony was taken.

The court declared the order revoking Evanson's licenses void, and remanded the matter to the Commissioner for a hearing on the merits. It is from this order that the Commissioner appeals.

The Commissioner charged Evanson had violated the provisions of paragraphs (e), (h) and (j) of § 26-17-01.12, N.D.C.C., which provides the Commissioner with authority to revoke an insurance agent's license under certain conditions. It provides, in part relevant to this matter:

"1. A license may be refused or a license duly issued may be suspended or revoked or the renewal thereof refused by the commissioner of insurance, if he finds that the applicant for or holder of such license:

. . . . . .

"e. Has otherwise demonstrated lack of trustworthiness or competence to act as an insurance agent; or

. . . . . .

"h. Has been guilty of fraudulent or dishonest practices; or

. . . . . .

"j. Has made or issued, or caused to be made or issued, any statement misrepresenting or making incomplete or misleading comparisons regarding the terms or conditions of any insurance or annuity contract legally issued by any insurer, for the purpose of inducing or attempting to induce the owner of such contract to forfeit or surrender such contract or allow it to lapse for the purpose of replacing such contract with another;

. . . . . .

"2. Before any license shall be refused, except for failure to pass a required written examination, or suspended or revoked or the renewal thereof refused hereunder, the commissioner of insurance shall give, either personally or by registered or certified mail, notice of opportunity for a hearing to the applicant for or holder of such license and the insurer whom he represents or who desires that he be licensed. Such notice shall state the order which the commissioner proposes to issue, the grounds for issuing such order, and that the person to whom such notice is given will be afforded a hearing upon written request to the commissioner if such request is made within ten days after receipt of the notice.

"3. Whenever a person requests a hearing in accordance with the provisions of this section, the commissioner of insurance shall set a date, time, and place for such hearing and shall notify the person requesting such hearing thereof. The date set for such hearing shall be within fifteen days, but not earlier than five days, after the request for the hearing has been received, unless otherwise agreed to by both the commissioner and the person requesting such hearing. In the conduct of such hearing, the Commissioner of insurance or his designee shall have the powers specified in chapter 28–32, and the proceedings shall conform to chapter 28–32 insofar as that chapter is applicable and not in conflict with this section.

"4. If the commissioner of insurance does not receive a request for a hearing within the prescribed time, he may enter the proposed order. If a hearing is requested and conducted with respect to a proposed order, the commissioner shall make and state his findings of fact and separate conclusions of law and his decision based upon such findings and conclusions. The commissioner shall give notice of his decision by delivering a copy thereof to all the parties to the proceeding either personally or by registered or certified mail, and if such notice is given by registered or certified mail, the notice shall be deemed given as of the date of the registry or certification."

 The Commissioner contends, notwithstanding that a request for a hearing had been filed with him, that upon the nonappearance by Evanson at the hearing, the Commissioner could enter the proposed order. This contention is not persuasive. The statute, subsection 4 of § 26–17–01.12, provides that when a hearing is requested and conducted the Commissioner shall make and state his findings of fact and separate conclusions of law and his decision based upon such findings and conclusions. The statute does not state that one must appear at the hearing after requesting it in order to set in motion the requirement that the Commissioner must make findings of fact before making a decision. The language used is an apt method of ensuring that upon a request for a hearing the Commissioner's decision would be based upon a careful consideration of the evidence adduced, rather than upon a mere statement of the allegations in the complaint and upon a motion by counsel for the Commissioner to enter the order.

■ Evanson was entitled to a notice from the Commissioner of the intent to make an order revoking Evanson's licenses regardless of his failure to attend the hearing, as he had made an appearance in the proceeding by his request for a hearing. In the usual civil action, judgment by default may be entered if a party has failed to plead or appear, but if the party against whom judgment is sought has made an appearance in the action he must be served with notice of the application for judgment. North Dakota Rules of Civil Procedure, rule 55, provides:

"(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear and the fact is made to appear by affidavit or otherwise, the court may direct the clerk to enter an appropriate judgment by default in favor of the plaintiff and against the defendant as follows:

. . . . . .

"(3) . . . If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least eight days prior to the hearing on such application."

We have held that when a party has made an appearance in an action he must be served with notice of the application for default judgment.

"Where defendant failed to answer within the time prescribed by the Rules of Civil Procedure, but served an answer on the plaintiff before plaintiff made application for a default judgment, the defendant 'has appeared in the action' within the meaning of Rule 55, N.D.R. Civ.P., and plaintiff is required by said rule to serve a written notice at least eight days prior to a hearing on his application for a default judgment." United Accounts, Incorporated v. Lantz, 145 N.W.2d 488, 489 (N.D.1966).

It is agreed by the Commissioner and Evanson that the Commissioner of Insurance is an administrative agency within the meaning of the Administrative Agencies Practice Act, Chapter 28–32, N.D.C.C. See Krueger v. American Christian Mutual Life Insurance Co., 77 N.D. 436, 43 N.W. 2d 676 (1950); National Farmers Union Life Ass'n v. Krueger, 76 N.D. 619, 38 N. W.2d 563 (1949).

But, Evanson urges that Chapter 28–32 is not applicable in this case. Chapter 28–32 is applicable to govern the rules of procedure in all proceedings brought before an administrative agency, except where otherwise excepted by law. In this case, appeals from an order of the Commissioner, unless otherwise specifically provided by law, shall be subject to review on appeal to the courts, in the manner provided by Chapter 28–32.

It is argued at length whether or not the meeting between Evanson and the Commissioner constituted a sufficient petition for rehearing as a condition precedent to a judicial review of the Commissioner's order within the meaning of § 28–32–14, N.D.C. C., which reads:

"Any party before an administrative agency who is aggrieved by the decision thereof, within fifteen days after a copy of such decision has been mailed or delivered to such party by the administrative agency, may request a rehearing by such agency. He shall submit with the request for rehearing a statement of any further showing to be made in the proceeding, and such request and statement shall constitute a part of the record in the proceeding. The administrative agency may deny such request for rehearing or may grant the same on such terms as it may prescribe. This section, however, shall not limit the right of any agency to reopen any proceeding under any continuing jurisdiction which is granted to any such agency by any law of this state."

In our view, it is not necessary to decide whether or not the oral discussion between Evanson and the Commissioner is sufficient to constitute a petition for rehearing within the meaning of that statute as a condition precedent to taking an appeal. This Court, in Petition of Village of Wheatland (Northern Pacific Ry. Co. v. McDonald), 77 N.D. 194, 220, 42 N.W.2d 321, 336 (1950), said that a petition for rehearing to the administrative agency was not a prerequisite to an appeal, in the following language:

" . . . the statute [§ 28–32–14, N.D. C.C.] nowhere either expressly or by necessary implication requires a party to request a rehearing as a condition precedent to the right of appeal from a determination of an administrative agency. It merely provides that any party before an administrative agency who is aggrieved by the decision thereof 'may request a rehearing by such agency' and provides the manner in which such request must be made. NDRC 1943, Sec. 28–3214. The remedy by petition for rehearing is permissive only and the statute clearly warrants the conclusion that the legislature did not intend that a request for a rehearing should constitute a prerequisite to an appeal from a final decision of an administrative agency."

and held at Syllabus 10:

"A party aggrieved by a final determination of an administrative agency is not required to request a rehearing as a condition precedent to taking an appeal from such final determination."

In the *Wheatland* case we held that a failure to request a rehearing under § 28–3214, NDRC 1943, did not preclude the railroad from appealing to the district court. In that case the railway company was "not seeking equitable relief. It did not invoke equitable remedies. It invoked the specific legal remedy which the legislature has provided for a review of the decisions of the Public Service Commission."

■ The Commissioner would distinguish the instant case from the *Wheatland* case because Evanson is seeking equitable relief. But Evanson is not seeking equitable relief. He is invoking "the specific legal remedy which the legislature has provided for a review of the decisions" of the Commissioner in revoking the licenses of insurance agents under the provisions of § 26–17–01.12, N.D.C.C., by petitioning the district court for a review under § 26–17–01.13, N.D.C.C., which provides:

"Within thirty days after any order of refusal, suspension, or revocation of an agent's license is made by the commissioner of insurance, the person aggrieved thereby may petition the district court of Burleigh County for a review of the proceedings in connection therewith. Upon such petition, the court shall issue an order to the commissioner to show cause why such license should not be issued or reinstated, as the case may be, and upon a hearing thereon shall make such decision as the facts and the law shall warrant."

On the matter of an appeal from decisions of the Commissioner, § 26–01–16, N.D.C.C., provides:

"Any order or decision of the insurance commissioner, unless otherwise specifically provided for by law, shall be subject to review or appeal in the courts of this state, in the manner provided by chapter 28–32."

But an order of the Commissioner of Insurance revoking an agent's license under authority of § 26–17–01.12, N.D.C.C., is one that is "otherwise specifically provided for by law" within the meaning of § 26–01–16. Section 26–17–01.12, N.D.C.C., giving the Commissioner authority to revoke the licenses of insurance agents, is immediately followed by § 26–17–01.13, giving an agent aggrieved by an order of the Commissioner revoking his license the right to judicial review of the proceedings. Section 26–17–01.12, subsection 3, N.D.C.C., states that

in the conduct of the hearing, the Commissioner shall have the powers specified in Chapter 28–32 and that the proceedings shall conform to Chapter 28–32 so far as applicable and not in conflict with § 26–17–01.12. The reference to Chapter 28–32 is to the hearing itself; no mention is made in § 26–17–01.12 of an appeal being governed by Chapter 28–32. The judicial review provisions of Chapter 28–32 are not exclusive and § 26–17–01.13 is an additional remedy.

A review of § 28–32–15, N.D.C.C., which provides for appeals from administrative agency decisions, reveals that a party is not required to exhaust his administrative remedies by requesting a rehearing as a prerequisite to an appeal to the district court. The relevant part of § 28–32–15 reads:

> "Any party to any proceeding heard by an administrative agency, except in cases where the decision of the administrative agency is declared final by any other statute, may appeal from such decision within thirty· days after notice thereof has been given, or if a rehearing has been requested as provided herein and denied, within thirty days after notice of such denial has been mailed to him. Such appeal may be taken to the district court designated by law, and if none is designated, then to the district court of the county wherein the hearing or a part thereof was held. . . ."

The reference in § 28–32–15 to a request for a rehearing before the administrative agency is in the alternative, and is permissive only. The statute provides that any party may appeal from a decision of the administrative agency within thirty days after notice thereof, or if a rehearing has been requested and denied, may appeal within thirty days after notice of such denial.

The Commissioner contends that § 26–17–01.13 is a special statute with limited application and should be used only in situations where the Commissioner has arbitrarily or summarily revoked an agent's license without due process, as where he has not afforded an agent proper notice of opportunity for hearing and a notice of hearing as required under § 26–17–01.12. For that proposition, the Commissioner cites the legislative history of § 26–17–01.13 and that of Chapter 28–32 of the North Dakota Century Code.

Section 26–17–01.13, N.D.C.C., relating to judicial review of acts of the Commissioner, first was enacted by Section 3 of Chapter 152, Session Laws of 1935, and was codified as Section 26–1705, RC 1943, and subsequently as Section 26–17–05, N.D.C.C. In 1967, however, § 26–17–05, N.D.C.C., was repealed and reenacted by Chapter 230, Section 13, without change in language, and presently appears as § 26–17–01.13, N.D.C.C.

◾ The legislative purpose in enacting Section 3 of Chapter 152, Session Laws 1935, was to provide for both the revocation of insurance agents' licenses and judicial review of such revocations by the district court. Codification of Section 3 into two separate sections, § 26–1704, relating to revocation of licenses, and § 26–1705, relating to judicial review of such revocations, in the Revised Code of 1943 did not abrogate an agent's right to a judicial review by the district court of the revocation of his license by the Commissioner. A division of a statute in two parts in reenacting it does not change its meaning. 50 Am.Jur. Statutes § 445.

> "Inasmuch as the function of a code is principally to reorganize the law and to state it in simpler form, the presumption is that change in language is for purpose of clarity rather than for a change in meaning. In order to achieve clarity, it is frequently necessary to recast large numbers of sections and rearrange their sequence in order to form a unified and consistent chapter. Thus in the construction of a particular code section attention should be given to the entire chapter or even the entire code in order

to determine the purpose and the objective of the legislature in organizing the material." Sands, 1A Sutherland Statutory Construction, § 28.11, pp. 329–330 (4th ed. 1972).

In Jones v. Mills County, 224 Iowa 1375, 279 N.W. 96, 99 (1938), quoting 59 C.J. § 494, page 897, the Iowa Supreme Court stated:

" 'In codifying or revising statutes, a mere rearrangement of the sections or parts of a statute or the placing of portions of what was originally a single section in separate sections does not change the purpose, operation, and effect thereof unless an intention to do so already appears.' "

This is the rule in North Dakota.

"Mere changes in the arrangement of sections in the codification of statutes will not be regarded as altering the law unless the intent to do so is clear." Syllabus 1, Glascoe v. Bracksieck, 85 N.W. 2d 423 (N.D.1957).

The Report of the Code Revision Commission of 1943 affirmatively states that Section 3, Chapter 152, S.L.1935, was revised for separate statement without change in meaning. Therefore, the provisions for the revocation of licenses in § 26–17–01.12 and the provisions for judicial review in § 26–17–01.13, N.D.C.C., should be read together.

■ The Commissioner contends that the appeal must be taken pursuant to Chapter 28–32, N.D.C.C., the Administrative Agencies Practice Act, which came into being in Chapter 240, S.L.1941, as

"An Act to prescribe uniform rules of practice for administrative agencies from the determination of which an appeal to the Court is provided; and to provide a uniform method of reviewing determinations of administrative agencies by the Courts."

being enacted later in time than the review provisions of § 26–17–01.13. At the time the Administrative Agencies Practice Act was enacted there may have been a question whether the appeal provisions of that Act took precedence over what is now § 26–17–01.13, since Chapter 28–32 was a later declaration of legislative intent.

Section 26–17–01.13, N.D.C.C., is a special statute dealing with judicial review of decisions of the Commissioner refusing, suspending, or revoking an insurance agent's license, and at first glance may appear to be in conflict with § 28–32–15, N. D.C.C., which deals with judicial review of administrative agency decisions generally. Although § 26–17–01.13 is a reenactment of an existing statute, it is nevertheless a later declaration of the Legislature.

As an aid in interpreting statutes, the Legislature has enacted § 1–02–07, N.D.C. C., which provides:

"Whenever a general provision in a statute shall be in conflict with a special provision in the same or in another statute, the two shall be construed, if possible, so that effect may be given to both provisions, but if the conflict between the two provisions is irreconcilable the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest legislative intent that such general provision shall prevail."

This Court said in First American Bank & Trust Co. v. Ellwein, 198 N.W.2d 84, 98 (N.D.1972):

". . . special statutes in case of an irreconcilable conflict prevail over general provisions of law and constitute a special exception thereto."

See also, Brusegaard v. Schroeder, 201 N. W.2d 899 (N.D.1972); In re Estate of Jensen, 162 N.W.2d 861 (N.D.1968).

Thus, it would appear that § 26–17–01.13, being a special statute in conflict with the general statute on judicial review of agency decisions and being a later enactment, must prevail over § 28–32–15 if the conflict is irreconcilable or it must be construed as an additional, alternative, remedy to be exercised at the option of one who is aggrieved by a decision of the Insurance Commissioner to revoke his license if effect is to be given to both provisions. By enacting Chapter 28–32 the Legislature sought to create uniform rules of practice for the administrative agencies. The Legislature was free, however, to create such exceptions to this scheme as it chose. This the Legislature did in the form of § 26–17–01.13 which was enacted to provide insurance agents with a plain, speedy, and efficient remedy for review of decisions of the Commissioner revoking their licenses.

We hold that an order of the Commissioner under § 26–17–01.12 is reviewable in the district court under § 26–17–01.13. The Commissioner contends that although review under § 26–17–01.13 is proper there must be compliance with the requirement of § 28–32–15 that the appellant execute an undertaking in the district court.

■■ Section 28–32–15, N.D.C.C., provides that an "undertaking must be executed by the appellant, with sufficient surety to be approved by the judge of the district court." The judge may require none. Also, we have stated that:

"The service of an undertaking on appeal or deposit in lieu thereof is not jurisdictional. The notice of appeal if served in good faith confers jurisdiction, and thereafter the court, pursuant to Section 28–27–26, N.D.C.C., may permit the appeal to be perfected by providing the undertaking or deposit required by statute." Syllabus 2, In re Guardianship of Frank, 128 N.W.2d 355 (N.D.1964).

While that case dealt with an undertaking in an appeal to this Court, an undertaking is likewise not jurisdictional when a district court's appellate jurisdiction is being exercised. Furthermore, since § 26–17–01.-13 is either an exception to the appeal provisions of Chapter 28–32 or an additional method of obtaining judicial review of decisions of the Commissioner, it stands alone and there need be no compliance with any of the requirements of § 28–32–15.

Even without the benefit of § 1–02–07, § 26–17–01.13 would be a proper avenue of appealing the Commissioner's decision revoking Evanson's license. The Commissioner concedes that appeal under that section would be proper where the Commissioner has arbitrarily or summarily revoked an agent's license without due process. But a decision to revoke a license is arbitrary and capricious when the decision is not based upon findings of fact supported by evidence. Thus, even under the Commissioner's concept of the applicability of § 26–17–01.13, the revocation of Evanson's license was properly appealed under that statute.

■ The Commissioner further urges that § 28–32–19, N.D.C.C., which provides that the evidence considered by the court shall be confined to the record filed with the court applies to a hearing held pursuant to a review by the district court under § 26–17–01.13, and that therefore Evanson's affidavit filed with his petition of review by the district court should not have been considered by the court.

However, our statute and rules provide for the use of affidavits upon making a motion. Subsection 6 of § 31–04–05, N.D.C.C.; Rule 43(e), N.D.R.Civ.P.

"A rule or order to show cause should be supported by affidavit." 60 C.J.S. Motions and Orders § 20 (1969).

It appears that the trial court issued its order remanding the matter to the Commissioner on its construction of the law, § 26–17–01.13, but if the affidavit was con-

sidered by the trial court it was properly considered.

In any event, § 26–17–01.13 has already been shown to be either an exception to Chapter 28–32, or an additional avenue to judicial review of the Commissioner's decisions relating to license revocations.

The Commissioner made the following findings of fact, conclusions of law, and decision:

"FINDINGS OF FACT

"1. The Respondent is duly licensed to represent Reserve Life Insurance Company as a resident insurance agent in the State of North Dakota.

"2. That the Respondent was duly served and notified of the hearing by Certified Mail which was served upon him on or about the 10th day of September, 1973.

"3. That no appearance was made by the Respondent, nor a duly appointed counsel by him.

"CONCLUSIONS OF LAW

"1. That the Commissioner of Insurance is authorized, pursuant to Section 26–17–01.12 of the North Dakota Century Code, to suspend or revoke the license or licenses of a resident insurance agent who has willfully violated any provision of the Insurance Laws of this State.

"DECISION

"Pursuant to such Findings of Fact and Conclusions of Law, it is the decision of the Commissioner and it is hereby ordered:

"1. That the licenses of said Richard E. Evanson to act as a resident insurance agent in the State of North Dakota be and hereby are revoked."

The designated findings of fact, numbered 1, 2 and 3 (above quoted), are not findings of fact at all, but are mere recitations of the status of Evanson as a duly licensed insurance agent, that he was duly served with the notice of hearing, and that he made no appearance. Section 26–17–01.-12, N.D.C.C., provides that the Commissioner may revoke an insurance agent's license if he finds that the agent has committed any of the wrongful acts enumerated therein. The Commissioner's findings of fact do not state that Evanson has committed any of the proscribed acts. The findings do not constitute a basis for the Commissioner's decision to revoke the licenses of Evanson. "While a determination may be upheld where findings, though subject to criticism, are not challenged as to form, the inadequacy of findings alone is ordinarily sufficient reason for reversing a determination." 2 Am.Jur.2d Administrative Law § 458 (1962). The Commissioner's decision is properly reversed on this ground alone.

The statute, § 26–17–01.12, N.D.C.C., authorizing the Commissioner to revoke an insurance agent's license for the commission of the proscribed acts enumerated in the statute for which his license may be revoked, provides that "If a hearing is. requested . . . the commissioner shall make and state his findings of fact and separate conclusions of law and his decision based upon such findings and conclusions." Subsection 4, Section 26–17–01.12. This statutory requirement of making findings when a hearing is requested is mandatory, and the findings must be germane to the establishment of the acts proscribed by the statute.

Inasmuch as the Commissioner has contended that Evanson has not complied with the Administrative Agencies Practice Act in his appeal to the district court, it is interesting to note that Act similarly requires findings of fact. The Act also requires the administrative agency to make findings of fact, conclusions of law and decision

based thereon. Section 28–32–13, N.D.C. C., provides that "the agency shall make and state concisely and explicitly its findings of fact and its separate conclusions of law, and the decision of the agency based upon such findings and conclusions." These provisions require the administrative agency to make findings of fact upon evidence adduced, make its separate conclusions of law, and render a decision based upon and supported by the findings and conclusions. Hvidsten v. Northern Pacific Ry. Co., 76 N.D. 111, 33 N.W.2d 615 (1948).

This case is therefore remanded to the district court with directions to return the case to the Commissioner of Insurance for further proceedings comformable to law.

For reasons stated, the order appealed from is affirmed.

ERICKSTAD, C. J., and JOHNSON, VOGEL and PAULSON, JJ., concur.