Myron K. CAHOON, Plaintiff and Appellant,

v.

NORTH DAKOTA WORKERS COMPENSATION BUREAU, Defendant and Appellee.

Civ. No. 910336.

Supreme Court of North Dakota.

March 31, 1992.

Wheeler Wolf, Bismarck, for plaintiff and appellant; argued by Steven L. Latham.

Douglas Alan Bahr (argued), Asst. Atty. Gen., Attorney General's Office, Bismarck, for defendant and appellee.

ERICKSTAD, Chief Justice.

Myron Cahoon appeals from the judgment of the District Court for Oliver County dismissing his appeal from the North Dakota Workers Compensation Bureau for lack of jurisdiction. We reverse and remand to the district court.

On or about April 2, 1990, Myron Cahoon applied for workers compensation benefits in connection with a shoulder injury. On June 7, 1990, the Bureau dismissed Cahoon's claim as untimely pursuant to section 65–05–01, N.D.C.C.[1] Cahoon subsequently sought administrative review. After a hearing held on October 31, 1990, the Bureau, on January 17, 1991, affirmed its previous decision dismissing Cahoon's claim as not being filed within one year of the injury. On or about February 14, 1991, Cahoon appealed to the District Court for Burleigh County by filing a notice of appeal, specifications of error, and proof of service of the notice of appeal with the Burleigh County District Clerk of Court. However, the proof of service filed only showed that the notice of appeal had been served upon the Bureau and did not reflect that Cahoon's employer, who had participated in the proceedings before the Bureau, had also been served. Cahoon asserted before the district court that Cahoon's employer was in fact served with the notice of appeal and that the failure to include the employer on the proof of service was simply a clerical mistake or oversight.

On or about March 13, 1991, the Bureau moved to have the appeal dismissed asserting that pursuant to sections 28–32–15 and 65–10–01, N.D.C.C., the District Court for Burleigh County lacked jurisdiction in that Cahoon was required to appeal to the District Court for Foster County, the place where the alleged injury took place, or the District Court for Oliver County, Cahoon's county of residence. Cahoon resisted the motion and moved to have the appeal transferred to Oliver County. On or about April

1. Section 65–05–01, N.D.C.C., reads:
    "*65–05–01. Claims for compensation— When and where filed.* All original claims for compensation must be filed by the injured worker, or someone on the injured worker's behalf, *within one year after the injury* or within two years after the death. The date of injury for purposes of this section must be the actual date of injury when such can be determined with certainty by the claimant and bureau. *When the actual date of injury cannot be determined with certainty the date of injury must be the first date that a reasonable person knew or should have known that the injury was related to employment.* No com-

    pensation or benefits may be allowed under the provisions of this title to any person, except as provided in section 65–05–04, unless he or she, or someone on his or her behalf, files a written claim therefor within the time specified in this section. Such claim must be filed by:
    1. Delivering it at the office of the bureau or to any person whom the bureau by regulation may designate; or
    2. Depositing it in the mail properly stamped and addressed to the bureau or to any person whom the bureau by regulation may designate. [Emphasis added.]"

4, 1991, the district court denied the Bureau's motion concluding that Cahoon's appeal did comply with section 65–05–01, N.D.C.C., in that the appeal was to the South Central Judicial District, for which both Oliver and Burleigh Counties are a part. The district court concluded that the filing of the notice of appeal in the Burleigh County clerk's office instead of the Oliver County clerk's office was not a jurisdictional defect, and thus granted Cahoon's motion to have his appeal venued in Oliver County.[2] However, in a memorandum opinion dated June 19, 1991, the district court said:

"The statute authorizing appeals specifies that an appeal must be taken within 30 days and that the appeal is taken by both serving and filing the notice of appeal, together with the proof of service of that notice, with the clerk of court within the 30 day period.

\* \* \* \* \* \*

"I conclude this appeal must be dismissed for lack of subject matter jurisdiction. This result follows even if the employer was served with notice of appeal, a proposition which in itself is not without doubt."

In essence, the court concluded that Cahoon's failure to name his employer in the affidavit of service of the notice of appeal as having been served with the notice of appeal within the thirty-day period required by section 28–32–15, N.D.C.C., was a jurisdictional defect even if the employer may actually have been served, and, accordingly, dismissed the appeal. This appeal followed.

Section 28–32–15, N.D.C.C., prescribes the manner in which an administrative agency decision or order is to be appealed. As it existed at the time of the appeal to the district court in this case, section 28–32–15, N.D.C.C., provided in part:[3]

"Any party to any proceeding heard by an administrative agency, except in cases where the decision of the administrative agency is declared final by any other statute, may appeal from such decision *within thirty days* after notice thereof has been given.... Such appeal shall be taken by serving a notice of appeal and specifications of error specifying the grounds on which the appeal is taken, upon the administrative agency concerned, upon the attorney general or an assistant attorney general, and upon *all the parties to the proceeding before such administrative agency,* and by filing the notice of appeal and specifications of error *together with proof of service thereof,* and the undertaking herein required, with the clerk of the district court to which such appeal is taken. [Emphasis added.]"

The Bureau asserts that pursuant to section 28–32–15, N.D.C.C., a party must not only actually serve notice of appeal on all parties to the proceedings before the agency within thirty days of notice of the Bureau's decision or order, but must also file proof of such service within the thirty-day period. The Bureau argues that even if Cahoon's employer were actually served with the notice of appeal within that period, allowing Cahoon to amend his proof of service to reflect this fact would not meet the requirements of section 28–32–15, N.D.C.C., as the amended proof of service could not be filed within the thirty-day time period.

In support of its argument, the Bureau primarily relies on this Court's decisions in *Indianhead Truck Line, Inc. v. Thompson,* 142 N.W.2d 138 (N.D.1966), and *In Re*

---

**2.** We express no view regarding Cahoon's initial appeal to the District Court for Burleigh County instead of Oliver County, as this issue has not been briefed or argued on appeal. Notwithstanding that the Bureau asserted in district court, and filed a brief in support thereof, that this deprived the District Court for Oliver County of jurisdiction, and that a jurisdictional issue may be considered on our own initiative, we will not do so in this case lest we improvidently decide the issue because of the lack of adversary

briefs and arguments in this Court. We urge the legislature to clarify the law as it relates to this issue to advance the objective of permitting claims to be decided on their merits with the least procedural obstructions. *See Hayden v. Workers Compensation Bureau,* 447 N.W.2d 489 (N.D.1989).

**3.** Section 28–32–15, N.D.C.C., was modified by the 1991 legislature, effective July 1, 1991. *See* S.L.1991, ch. 342, § 23.

*Bjerke's Estate,* 137 N.W.2d 225 (N.D. 1965). In *Indianhead,* this Court upheld a district court's dismissal of an appeal from the Public Service Commission where no proof of service had been filed with the district·court within thirty days as required by section 28–32–15, N.D.C.C. Similarly, in *In Re Bjerke's Estate,* this Court upheld a district court's dismissal of an appeal from a county court decision when proof of service of the notice of appeal was not filed within the thirty-day period required by then existing section 30–26–03, N.D.C.C.

In the present case, a document purporting to contain some proof of service was filed with the district court within the prescribed thirty-day period. In *Indianhead* and *In Re Bjerke's Estate,* no document asserting proof of service was filed at all *within* the statutory period. In this respect, *Indianhead* and *In Re Bjerke's Estate* are distinguishable from the present case.

In *Olson v. Job Service North Dakota,* 379 N.W.2d 285, 287 (N.D.1985), we held that although we had previously held that we had no statutory authorization to entertain appeals from orders for judgment we would, at that time and in the future, entertain appeals from orders for judgment when the record included a subsequently entered "judgment" consistent with the order. We concluded "that in the interest of justice this [was] a prudent change which [would] preserve those appeals which, but for an error by the appellant, would [be] reviewed on their merits." *Id.* Similarly, we conclude in this case that in the interest of justice a party who otherwise files a proof of service within the required time limits, but fails to file a document which accurately reflects the actual service which took place, may, with leave of court, file a

corrected proof of service of the notice of appeal which will relate back to the initial,· but incorrect, proof of service if no other party's rights are prejudiced.[4]

Thus, we hold that the filing of a document showing proof of some service is sufficient under section 28–32–15 to confer jurisdiction on the district court, at least for the limited purpose of allowing the proof of service to be corrected to accurately reflect the facts. In other words, an inaccurate but timely filed proof of service may be the basis for a hearing to determine the actual facts surrounding the service upon proper motion.[5] To the extent that *Indianhead* and *In Re Bjerke's Estate* would prevent a person in Cahoon's situation from filing an amended proof of service after the time for filing proof of service has expired, they are hereby expressly overruled.

Pertinent from a procedural standpoint, we believe, is Rule 4(g), N.D.R.Civ.P., which provides:

> *"(g) Amendment.* At any time and upon such notice and terms as it deems just, the court, in its discretion, may allow any process or proof of service thereof to be amended unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

Accordingly, the judgment of the district court is reversed and this matter is remanded to the district court for further proceedings to determine whether or not Cahoon should be allowed to file an amended proof of service, and, if this is allowed, to determine whether or not the Bureau's dismissal of Cahoon's claim was in error under the appropriate standards of review

---

4. We recognize that the district court may need to conduct a hearing to determine whether or not a party is entitled to file a corrected proof of service.

5. Our decision in this case follows the long-established general principle in favor of allowing liberal amendment of filed documents. *See generally Coman v. Williams,* 78 N.D. 560, 50 N.W.2d 494, 497 (1951); 62B Am.Jur.2d *Process,* § 339 et. seq. (1990). In 72 C.J.S. *Process,* § 103 (1987), we read:

"A return, or affidavit of service of process, or proof of service by publication may, as a general rule, be amended to remedy defects therein, or to make it conform to the truth or to statutory requirements where such exist; but a proposed amendment will not be allowed if it states an untruth or where prejudice to rights that have accrued meanwhile will result from the amendment."

for appeals from administrative agencies pursuant to section 28–32–19, N.D.C.C.

VANDE WALLE, MESCHKE and LEVINE, JJ., and SCHMALENBERGER, District Judge, concur.

SCHMALENBERGER, District Judge, sitting as a member of the Court to fill the vacancy created by the resignation of Justice H.F. GIERKE III. Justice JOHNSON not being a member of this Court at the time this case was heard did not participate in this decision.