**David L. MacDONALD, M.D., Appellant,**

v.

**NORTH DAKOTA COMMISSION ON MEDICAL COMPETENCY,**
**Appellee.**

**Civ. No. 920083.**

Supreme Court of North Dakota.

Nov. 9, 1992.

William P. Zuger (argued), Zuger Law Offices, Bismarck, for appellant.

John M. Olson (argued), Sp. Asst. Atty. Gen., Bismarck, for appellee.

LEVINE, Justice.

David L. MacDonald, M.D., appeals from a district court judgment dismissing his appeal from an order of the Board of Medical Examiners [Board] revoking his license to practice as a physician in North Dakota. We reverse the district court's judgment dismissing the appeal and remand for further proceedings.

In April 1991, the Commission on Medical Competency [Commission], the investigative body for complaints against physicians [*see* NDCC Chapter 43–17.1], brought charges against MacDonald, a Minot obstetrician and gynecologist. Following a hearing in July 1991, the hearing officer submitted recommended findings, conclusions and order to the Board, which serves as the adjudicative agency when the Commission files a formal complaint [*see* NDCC Chapter 43–17]. In October 1991, the Board issued its order, unconditionally revoking MacDonald's license to practise medicine, determining that MacDonald had "obtained the payment of fees by fraud, deceit, or misrepresentation" in violation of NDCC § 43–17–31(7) and (18), and had "sexually abused, engaged in sexual misconduct with, and sexually exploited female patients related to his practice of medicine" in violation of NDCC § 43–17–31(6) and (16).

On November 22, 1991, MacDonald timely filed, with the district court, a notice of appeal from the Board's order. In his notice of appeal, however, MacDonald named only the Commission as the appellee. The Board was named neither as appellant nor appellee. Nor did MacDonald file an undertaking with the district court.

In December 1991, the Commission moved to dismiss the appeal, asserting that MacDonald had not complied with NDCC § 28–32–15 because he failed to name the Board as an appellee and he failed to file an undertaking within 30 days after receiving notice of the Board's order. MacDonald responded with a "motion to amend caption" to include the Board as an appellee and a "motion to set cost bond."

Because MacDonald had not named the Board as an appellee in the notice of appeal and had not filed an undertaking within the 30–day appeal period, the district court dismissed the appeal. The court reasoned that "[i]t is well established by case law in this state that an appellant must conform strictly to the provisions of the statute in perfecting an appeal." MacDonald appeals from the district court's judgment of dismissal.

■ For a court to have subject matter jurisdiction over an appeal, the appellant must meet the statutory requirements for perfecting the appeal. *Reliable, Inc. v. Stutsman County Comm'n,* 409 N.W.2d 632, 634 (N.D.1987). Any party to a proceeding heard by an administrative agency may appeal from an agency order within 30 days after notice of the order has been given. NDCC § 28–32–15(1). NDCC § 28–32–15(5) provides:

> "The notice of appeal must specify the parties taking the appeal as appellants. The agency and all other parties of record who are not designated as appellants must be named as appellees.... The agency and all parties of record have the right to participate in the appeal...."

■ MacDonald asserts that he complied with § 28–32–15(5) because the statute does not require that the adjudicative agency always be named as a party to the appeal, but requires only that the adjudicative agency be named if it is also a party of record. Because only MacDonald and the Commission were parties of record, rather than the Board, which served only as the adjudicative agency, he asserts that the statutory requirements have been met. We disagree.

Even assuming that § 28–32–15(5) is ambiguous about whether an agency participating in solely an adjudicative capacity must be named in the notice of appeal, the legislative history of the provision supports the Commission's argument that the adjudicative agency must also be named as a party to the appeal. *See* Testimony on Senate Bill No. 2131 before the House State and Federal Government Committee, February 20, 1985 ["The present statute is not clear as to which parties in a proceeding before the agency have the right to participate in an appeal of the agency's decision or even if the agency is a party to the appeal. The bill specifies that all parties of record including the agency have the right to participate in the appeal...."]. We conclude that § 28–32–15(5) required that the Board be named as an appellee in the notice of appeal. We also conclude, however, that MacDonald's failure to name, within the 30–day time limit, the Board as an appellee in the notice of appeal did not deprive the district court of subject matter jurisdiction over the appeal.

In *Cahoon v. N.D. Workers Comp. Bureau,* 482 N.W.2d 865 (N.D.1992), the district court dismissed an appeal by a workers compensation claimant whose timely filed proof of service did not name his employer as having been served with the notice of appeal. To support its argument for dismissal, the agency relied on *Indianhead Truck Line, Inc. v. Thompson,* 142 N.W.2d 138 (N.D.1966), and *In re Bjerke's Estate,* 137 N.W.2d 225 (N.D.1965), in which this court upheld dismissals of appeals where no proofs of service of the notices of appeal had been filed within the applicable statutory 30–day time periods. Following "the long-established general principle in favor of allowing liberal amendment of filed documents" [*Cahoon, supra,* 482 N.W.2d at 868 n. 5], we reversed the district court's dismissal of the claimant's appeal.

> "[W]e conclude ... that in the interest of justice a party who otherwise files a proof of service within the required time limits, but fails to file a document which accurately reflects the actual service which took place, may, with leave of court, file a corrected proof of service of the notice of appeal which will relate back to the initial, but incorrect, proof of service if no other party's rights are prejudiced.

> "Thus, we hold that the filing of a document showing proof of some service is sufficient under section 28–32–15 to confer jurisdiction on the district court, at least for the limited purpose of allow-

ing the proof of service to be corrected to accurately reflect the facts. In other words, an inaccurate but timely filed proof of service may be the basis for a hearing to determine the actual facts surrounding the service upon proper motion. To the extent that *Indianhead* and *In re Bjerke's Estate* would prevent a person in Cahoon's situation from filing an amended proof of service after the time for filing proof of service has expired, they are hereby expressly overruled." *Cahoon, supra*, 482 N.W.2d at 868 [Footnotes omitted].

The Commission asserts that *Cahoon* is distinguishable because, unlike *Cahoon*, "[t]his case does not involve a service of process problem" under NDCC § 28–32–15(4), but "involves the complete failure to name a party to an appeal" under NDCC § 28–32–15(5). Although this case is not on all fours with *Cahoon*, we believe the *Cahoon* rationale is nevertheless applicable. There is no dispute that MacDonald's notice of appeal was timely filed. The Commission's only complaint about the notice of appeal is that the Board, as the adjudicative agency, was not listed as an appellee in the caption. The rationale of *Cahoon* that allows amendment, beyond the 30-day appeal period, of a proof of service to show actual service is even more compelling where, as here, the appellant merely seeks to correct the caption of a notice of appeal to include the adjudicative agency.

We conclude that MacDonald's failure to name the Board as an appellee in his timely-filed notice of appeal is not a jurisdictional defect, but may be corrected, with leave of court, after the 30-day period for filing the notice of appeal has expired if no other party's rights are prejudiced. The district court erred in dismissing MacDonald's appeal on this basis.

The Commission asserts that even if MacDonald is allowed to amend the caption, the district court correctly dismissed the appeal because MacDonald failed to serve the notice of appeal on the Board. MacDonald timely served the notice of appeal on the special assistant attorney general who represented the Commission and on the Board's hearing officer. According to the Commission, because the hearing officer was not a "representative" or "employee[ ]" of the Board, but "an independent hearing officer employed by the Office of Administrative Hearings," service on the hearing officer did not constitute service on the Board. We reject this argument.

In April 1991, the Board requested a hearing officer from the administrative hearings officer division of the attorney general's office to conduct MacDonald's hearing and prepare recommended findings, conclusions and order. The hearing officer who was appointed, although transferred to the office of administrative hearings on July 1, 1991, continued to preside over the MacDonald case.

By creating a state office of administrative hearings [*see* NDCC Chapter 54–57], and enacting legislation which attempts to separate an administrative agency's adjudicative, investigative and accusative functions [*see, e.g.,* NDCC § 28–32–12.2], the 1991 legislative assembly intended to remove the appearance of impropriety perceived by individuals involved in the administrative hearing process. *See* Testimony on House Bill 1194 before the House Judiciary Committee, January 14, 1991; Testimony on Senate Bill 2234 before the House Judiciary Committee, March 6, 1991. But, neither the legislation nor its history suggests that the objective of having a hearing officer perform as an independent, unbiased decision-maker was intended to include the ministerial function of accepting service of a notice of appeal. Rather, a duly appointed hearing officer continues, in effect, to sit in the place of an "agency head" and may be authorized, with respect to the administrative proceeding, to exercise any functions or powers granted to the agency. *See, e.g.,* NDCC §§ 28–32–01(5), 28–32–08.1(7), 28–32–13(3), 54–57–04(5), 54–57–06(1)(a).

In *Sande v. State*, 440 N.W.2d 264, 266–267 (N.D.1989), we rejected the argument that effective service of a notice of appeal on the Board of Nursing required

service on at least one of the Board's members. We noted that the Administrative Agencies Practice Act did not specify how service of a notice of appeal is to be made on an administrative agency and we concluded that service on the assistant attorney general, who had represented both the Board of Nursing and the State during the administrative proceedings, sufficed as service on the Board of Nursing. In this case, the hearing officer, for the Board, presided throughout the MacDonald administrative proceedings. We conclude that service of the notice of appeal on the hearing officer constituted proper service on the Board.

The Commission asserts that the district court's dismissal of the appeal was nevertheless proper because MacDonald failed to file an undertaking within the 30–day period. Again, we disagree.

NDCC § 28–32–15(4) provides in pertinent part:

"An appeal shall be taken ... by filing the notice of appeal and specifications of error together with proof of service of the notice of appeal, and the undertaking required by this section, with the clerk of the district court to which the appeal is taken...."

NDCC § 28–32–15(6) further provides:

"An undertaking must be executed by the appellant, with sufficient surety to be approved by the judge of the district court, upon conditions requiring the appellant to prosecute the appeal without delay and to pay all costs adjudged against the appellant in the district court. The undertaking must be made to the state of North Dakota and may be enforced by the agency concerned for and on behalf of the state as obligee."

In appeals from lower courts to this court, we have consistently held that the failure to serve an undertaking, whether a cost bond or a supersedeas bond, within the statutory time limit for the appeal is not jurisdictional and does not require dismissal of an appeal. *See, e.g., Federal Land Bank of St. Paul v. Overboe,* 426 N.W.2d 1, 3 (N.D.1988); *Latendresse v. Latendresse,* 283 N.W.2d 70, 73 (N.D.1979); *Tower City Grain Co. v. Richman,* 232 N.W.2d

61, 64 (N.D.1975); *In re Guardianship of Frank,* 128 N.W.2d 355, 358 (N.D.1964). As the court explained in *In re Guardianship of Frank, supra,* when the notice of appeal has been timely filed, but "the appeal has not been perfected by the filing of a sufficient bond or by any bond, the jurisdiction is not terminated, but the appeal may be dismissed by the Supreme Court upon a proper motion, and will be so dismissed unless the Court ... permits the filing of an undertaking or the deposit of money in lieu thereof upon a sufficient showing and on such terms as may be just." *See also Overboe, supra.* In the most recent cases, NDRAppP 3(a) provided the basis for these holdings:

"Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court deems appropriate, which may include dismissal of the appeal."

Before adoption of the Rules of Appellate Procedure, this court reached the same result under NDCC § 28–27–26, which, before it was superseded by Rule 3, provided:

"When a party in good faith shall give notice of appeal and shall omit through mistake or accident to do any other act necessary to perfect the appeal to make it effectual or to stay proceedings, the court from which the appeal is taken or the supreme court, or any one of the justices thereof, may permit an amendment or the proper act to be done on such terms as may be just."

In construing the jurisdictional nature of undertakings in appeals to district courts, this court has reached varying results. For example, in *Spletto v. Bd. of County Commissioners, Stark County,* 310 N.W.2d 726, 729 (N.D.1981), we did not view the failure to file the undertaking within the appeal period as jurisdictional because the provisions of NDCC Chapter 11–11, relating to appeals from decisions of a board of county commissioners, did not specifically require the filing of the undertaking with the notice of appeal. On the other hand, in *Peterson v. State Highway*

*Commissioner*, 63 N.W.2d 138, 139 (N.D. 1954), a case relied upon by the Commission here, this court held that, under the appeal statutes for land-acquisition damages assessed by county commissioners pursuant to NDCC Title 24, the filing and service of an undertaking was a "jurisdictional prerequisite." The landowner's failure to serve or file any undertaking in that case resulted in dismissal of the appeal. In *Haman v. McHenry County*, 72 N.W.2d 630, 634–635 (N.D.1955), this court distinguished *Peterson*, where no undertaking was ever filed, and allowed a landowner's amendment of a defective, but timely-filed, undertaking after the appeal period had expired. The court held that where "a valid notice of appeal has been timely served and filed but the accompanying undertaking for costs is defective but not void, the appellate court has jurisdiction of the appeal and may permit the undertaking to be corrected or amended." *Haman, supra*, 72 N.W.2d at 635.

*Evanson v. Wigen*, 221 N.W.2d 648 (N.D.1974), is the only case we have discovered that addresses whether the undertaking required by NDCC § 28–32–15 is jurisdictional in nature. In *Evanson*, the Insurance Commissioner contended that an insurance agent's failure to execute the undertaking required by NDCC § 28–32–15 rendered defective an appeal from an order revoking his license. As an alternate basis for rejecting this argument, the court reasoned:

> "Section 28–32–15, N.D.C.C., provides that an 'undertaking must be executed by the appellant, with sufficient surety to be approved by the judge of the district court.' The judge may require none. Also, we have stated that:
>
> " 'The service of an undertaking on appeal or deposit in lieu thereof is not jurisdictional. The notice of appeal if served in good faith confers jurisdiction, and thereafter the court, pursuant to Section 28–27–26, N.D.C.C., may permit the appeal to be perfected by providing the undertaking or deposit required by statute.' Syllabus 2, *In re Guardianship of Frank*, 128 N.W.2d 355 (N.D.1964).

"While that case dealt with an undertaking in an appeal to this Court, an undertaking is likewise not jurisdictional when a district court's appellate jurisdiction is being exercised." *Evanson, supra*, 221 N.W.2d at 656.

■ Although *Evanson* predates the adoption of NDRAppP 3 and the supersession of NDCC § 28–27–26, we believe the court's conclusion remains sound today, and that the filing of an undertaking required by NDCC 28–32–15 within the 30–day appeal period is not a prerequisite to the district court's acquisition of subject matter jurisdiction. While Rule 3(a) is not technically applicable to appeals to a district court [*see* NDRAppP 1(a) ], we believe its rationale is applicable to appeals to district courts under the Administrative Agencies Practice Act, absent a clearly conflicting legislative mandate. *See Spletto, supra*, 310 N.W.2d at 729; *compare Reliable, Inc. v. Stutsman County Comm'n*, 409 N.W.2d 632 (N.D.1987) [where statute specifically provided that appeal must be taken by serving written notice upon a member of board of county commissioners within 30 days, failure to serve board member within time period deprived district court of jurisdiction].

There is no clear conflict between the statutory language and our conclusion in this case. Although § 28–32–15(4) suggests that the undertaking be filed with the notice of appeal, § 28–32–15(6) does not set forth the amount of the undertaking, but requires its approval by the district court. The latter requirement implies some judicial action before acceptance of the undertaking, which, in turn, implies the acquisition of jurisdiction before the court takes action on the undertaking. Construing these subsections together, and mindful that the legislature does not require idle acts [*Souris River Tel. v. Workers Comp. Bur.*, 471 N.W.2d 465, 469 (N.D.1991) ], we do not believe the legislature intended to require the filing of an undertaking in an arbitrary amount within the 30–day period in order to give the district court jurisdiction to perform its statutory obligation of approving an appropriate amount for the

undertaking. Indeed, we have noted that the legislature did not intend to impose stricter and more technical requirements on appeals from administrative agency determinations than it had provided for appeals from decisions in civil actions. *See Reliance Ins. Co. v. Public Service Commission*, 250 N.W.2d 918, 926 (N.D.1977).

We conclude that MacDonald's failure to file any undertaking with the district court within the 30–day time period for appeal did not deprive the court of subject matter jurisdiction to consider his appeal or his "motion to set cost bond." While an appellant's failure to provide any undertaking that is approved or required by a district court may serve as grounds for dismissal of the appeal [*see Overboe, supra*], that omission is not jurisdictional. To the extent that *Peterson* or *Haman* conflict with our holding, they are expressly overruled.

Accordingly, we reverse the district court's judgment of dismissal and remand for consideration of MacDonald's "motion to amend caption" and "motion to set cost bond."

ERICKSTAD, C.J., JOHNSON, J., VERNON R. PEDERSON, Surrogate Judge, and JAMES A. WRIGHT, District Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, and JAMES A. WRIGHT, District Judge, sitting in place of VANDE WALLE and MESCHKE, JJ., disqualified.