## ARKANSAS LOUISIANA GAS CO. *v.* DEPARTMENT OF PUBLIC UTILITIES ET AL.

No. 645.  Argued March 31, 1938.—Decided April 25, 1938.

Mr. *H. C. Walker, Jr.,* with whom Mr. *J. Merrick Moore* was on the brief, for appellant.

Messrs. *Thomas Fitzhugh* and *John E. Benton* for appellees.  Mr. *P. A. Lasley* was on a brief with Mr. *Fitzhugh.*  By leave of Court, Mr. *Clyde S. Bailey* and Mr. *Benton* filed a brief on behalf of the National Association of Railroad and Utilities Commissioners, as *amicus curiae,* in support of appellees.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

Appellant, a Delaware corporation. lawfully purchases and produces natural gas in Texas and Louisiana and thereafter transports and delivers it through pipe lines to selected industries and public utility distributing corporations—so-called "pipe line customers"—at points in Arkansas. These deliveries are made under contracts entered into at Shreveport, Louisiana, and are effected by tapping a main pipe line or through connecting spurs. They amount annually to some eight billion cubic feet.

Appellant, by admission, also maintains a distribution department, through which it acts as a public utility, for the local sale and distribution of gas in many Arkansas towns; but this organization is distinct from the one which supplies pipe line customers.

The Arkansas Department of Public Utilities, proceeding under a local statute, in April 1935 issued a general order (No. 15) requiring public utilities to file, upon specified forms, schedules of rates, charges, etc. Appellant presented such schedules for local utility service in the State, but declined to file copies of contracts, agreements, etc., for sales and deliveries to pipe line customers.

Thereupon the Department issued an order to show cause for this failure. In response appellant "set forth that the sale and delivery of gas from its Texas and Louisiana fields to its pipe line and industrial customers in Arkansas constitute interstate commerce, and that in making such sales and deliveries it was and is not acting as a public utility, and that accordingly the sale and delivery of said gas and the rates, schedules and charges upon which the same is delivered and sold were and are not subject to the jurisdiction of the Department and are

beyond its power to regulate, and that Order No. 13 is not legally applicable to said business."

After a hearing upon the citation and response and much evidence, April 30, 1936, the Department ordered compliance with the general order. The matter then went for review to the Circuit Court, Pulaski County, and it held the challenged order invalid. Upon appeal, the Supreme Court ruled that the sales and deliveries in question were not free from state regulation because parts of interstate commerce, and directed compliance with the Department's general order.

The question for present determination is whether this general order, valid under the laws of the State, which only compels appellant to file certain designated information, amounts to an infringement of any right or privilege guaranteed to it by the Federal Constitution. And to this a negative answer must be given.

If, as claimed, certain of appellant's activities in Arkansas are parts of interstate commerce, that alone (and no other defense is relied upon) would not suffice to justify refusal to furnish the information presently demanded by the State.

Appellant operates locally at many places in Arkansas, also delivers within the State great quantities of gas said to move without interruption from another State. In such circumstances it may be highly important for the state authorities to have information concerning all its operations. We are unable to see that merely to require comprehensive reports covering all of them would materially burden or unduly interfere with the free flow of commerce between the States.

In case the Department undertakes by some future action to impose what may be deemed unreasonable restraint or burden upon appellant's interstate business, through rate regulation or otherwise, that may be con-

tested. The rule here often announced is that no constitutional question will be passed upon unless necessary for disposition of the pending cause.

The judgment of the Supreme Court must be

*Affirmed.*

MR. JUSTICE CARDOZO took no part in the consideration or decision of this cause.