## Dixie Wholesale Grocery, Inc., v. Martin, Com'r of Revenue, et al.

April 28, 1939.

Frank Lee Dils for appellant.

Hubert Meredith, Attorney General, and Jesse K .Lewis, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

The 1936 session of the General Assembly passed a cigarette stamp tax, now Section 4281e-1 to 4281e-16, Kentucky Statutes. This Act placed a tax on cigarettes sold in the state, which tax is paid by the purchase of stamps from the Department of Revenue and affixing them to the packages containing cigarettes in the time and manner provided in the Act. The administration of the Act is vested in the Department which may prescribe rules and regulations for its enforcement. Every manufacturer, wholesaler and retailer is required to pre-

serve written records of sales and to submit same to the Department as it may require for the enforcement of the Act. An export stamp is furnished free by the Department to be affixed to the cigarettes which are exported, and upon which refund will be made of tax paid on out-of-state sales upon the seller's affidavit accompanied by the written acknowledgment of the purchaser's receipt of the cigarettes and the amount of stamps thereon.

By an Act of 1938, now Section 4114h-15, Kentucky Statutes, Baldwin's 1938 Supplement, it is provided that certain reports furnished by the wholesalers, manufacturers, and retailers of cigarettes to the Department may be turned over by it to any Kentucky city, to any state or province, or to the federal government, on a confidential basis and under a reciprocal arrangement whereby the Department shall receive similar or useful information from such officer or body.

Appellant is a Kentucky corporation engaged in the wholesale grocery business in Covington, Kentucky, and sells, among other articles, cigarettes. It advertises in Ohio newspapers to sell cigarettes in interstate commerce to customers in Ohio free from the Kentucky cigarette tax and free from the sales tax in Ohio. Pursuant to the authority given it under the Act, the Department of Revenue on April 30, 1938, issued regulation CT-4 requiring all wholesalers and retailers who purchase or possess unstamped cigarettes for delivery outside of Kentucky, upon which tax exemption is claimed, to make monthly reports in duplicate on schedule 5, which, among other information, must contain the names and addresses of foreign consignees. This report is in addition to the usual monthly reports required by the Act. Appellant furnished the required reports for the months of June and July, 1938, and advised the Department the names and addresses of its foreign customers constituted the "good will" of its business and must be used on a confidential basis solely to check its claim to exemption from the taxes on its out-of-state deliveries. When the Department informed the appellant that it intended to place one copy of this report in the hands of taxing officials in the State of Ohio, appellant refused to furnish further reports showing the names and addresses of its foreign cigarette customers. And it brought this suit in equity in the Franklin Circuit Court wherein it sought to enjoin the Department from

prosecuting it under a provision of the Act making it a misdemeanor to fail to furnish the required reports; and to enjoin the Department from furnishing to the taxing officials of foreign states the names and addresses of its foreign cigarette customers shown on reports previously made. The chancellor sustained a general demurrer to the petition and the appellant declined to plead further, its petition was dismissed and it prosecutes this appeal.

Appellant's brief is voluminous and assigns and discusses twenty-two points upon which it relies for a reversal of the judgment. A careful consideration of these points shows many of them state abstract and elementary principles of constitutional law about which there can be no controversy, and others have no application, as we view the record, to this case.

We think there are only three questions involved: 1. Is any right or privilege of appellant infringed under the commerce clause (article 1, section 8, clause 3) of the Federal Constitution, U. S. C. A., by requiring it to furnish these reports? 2. Is the agreement between the Revenue Department of Kentucky and the taxing authorities of Ohio, relative to the exchange of information on a confidential basis looking to the enforcement of their respective tax laws, such a compact between the states as is denounced by the Federal Constitution? 3. Is there any unreasonable search or seizure of private papers prohibited by the fourth amendment of the Constitution, U. S. C. A., involved in requiring such reports? We will discuss these three questions in the order named.

Kentucky Statutes Supp. 1938, Section 4114h-17, provides the courts of this Commonwealth shall recognize and enforce statutes concerning taxes constitutionally imposed by other states extending like comity to Kentucky. Ohio has a similar provision, being Section 1465-33, Baldwin's 1936 Ohio Code. Also, Ohio has a "use" tax, which appellant argues does not apply to cigarettes. We are not concerned with construing the Ohio statutes and determining whether or not cigarettes are excepted from the "use" tax of that state. If the taxing authorities in Ohio think the reports furnished by appellant to the Department of Revenue of Kentucky will be a benefit to Ohio, this fact will show that the reciprocal agreement between the Department of Revenue of Kentucky and the taxing authorities of Ohio is based upon a reasonable and legal intent to enforce the tax

laws of Ohio. By sending appellant's reports to Ohio, the Department of Revenue of Kentucky may receive information from Ohio as to whether or not the sales appellant claims it had made to Ohio citizens were actually made. If such sales were not actually made to Ohio citizens through the channels of interstate commerce, Kentucky can require appellant to pay taxes on the cigarettes appellant claims to have exported to Ohio. If such sales were actually made in interstate commerce, then this reciprocal agreement between Kentucky and Ohio may be of assistance to Ohio in the enforcement of its "use" tax law. Thus, it is seen the sending of such reports to Ohio by the Department of Revenue is for the mutual benefit of Kentucky and Ohio.

We cannot see that the sending of these reports to Ohio imposes any burden upon, or is a direct interference with, interstate commerce. A case very much in point with the one we have before us is Arkansas Louisiana Gas Company v. Department of Public Utilities, 304 U. S. 61, 58 S. Ct. 770, 771, 82 L. Ed. 1149. There the Gas Company was selling gas in interstate commerce and the Department of Public Utilities of Arkansas, under one of its regulations, sought to require the Gas Company to file with the Department reports showing charges, rates, etc. The Gas Company refused and contended such regulation interfered with interstate commerce. The United States Supreme Court held the regulation placed no material burden or undue interference upon commerce between the two states, and that it was reasonable for the State of Arkansas to obtain the highly important information which the reports of the Gas Company disclosed concerning its operations. We quote from the opinion as follows:

"The question for present determination is whether this general order, valid under the laws of the state, which only compels appellant to file certain designated information, amounts to an infringement of any right or privilege guaranteed to it by the Federal Constitution. And to this a negative answer must be given.

"If, as claimed, certain of appellant's activities in Arkansas are parts of interstate commerce, that alone (and no other defense is relied upon) would not suffice to justify refusal to furnish the information presently demanded by the state.

"Appellant operates locally at many places in Arkansas, and also delivers within the state great quantities of gas said to move without interruption from another state. In such circumstances it may be highly important for the state authorities to have information concerning all its operations. We are unable to see that merely to require comprehensive reports covering all of them would materially burden or unduly interfere with the free flow of commerce between the states."

In Utah Fuel Company v. National Bituminous Coal Commission, 59 S. Ct. 409, 412, 83 L. Ed. ..., the company was required to disclose to the Commission reports concerning its business and the court said:

"Obviously publication may be harmful to petitioners but as Congress had adequate power to authorize it and has used language adequate thereto we can find here no sufficient basis for an injunction."

This brings us directly to the proposition that the Legislature of Kentucky had a right to require appellant to file lists of interstate customers, and that it likewise had the power and right to permit such lists to be exchanged for similar lists or information from sister states. Many actions by a state may affect and, indeed, interfere with interstate commerce, such as taxing the manufacture or production of an article, regulating the conditions under which it is produced and exercising control thereof through the police power, yet unless there is direct interference with the freedom of commerce between the states, the commerce clause of the Federal Constitution is not violated. Field v. Barber Asphalt Pav. Company, 194 U. S. 618, 24 S. Ct. 784, 48 L. Ed. 1142; Louisville & Nashville Railroad Company v. Kentucky, 183 U. S. 503, 22 S. Ct. 95, 46 L. Ed. 298. In the Barber Asphalt case the court said [194 U. S. 618, 24 S. Ct. 786]:

"In this day of multiplied means of intercourse between the states there is scarcely any contract which cannot, in a limited or remote degree, be said to affect interstate commerce. But it is only direct interferences with the freedom of such commerce that bring the case within the exclusive dominion of Federal regulation."

It cannot logically be contended that the reports appellant is required to make, and which the Kentucky De-

partment of Revenue proposes to furnish the Ohio taxing authorities, are articles of commerce. State v. Morgan, 2 S. D. 32, 48 N. W. 314.

The reciprocal agreement between Ohio and Kentucky for the exchange of data contained in the sales tax reports required of certain businesses conducted within their respective borders does not conflict with Article I, Section 10, of the Federal Constitution, U. S. C. A., prohibiting one state from entering into a compact with another. This section has reference to political compacts, alliances and treaties. In support of its contention that this reciprocal agreement between Ohio and Kentucky violates Article I, Section 10, of the Federal Constitution, appellant cites Virginia v. Tennessee, 148 U. S. 503, 13 S. Ct. 728, 734, 37 L. Ed. 537. But this case upheld a compact made in 1803 between Virginia and Tennessee fixing the boundary between the two states, and it said the inhibition in this section only applies to political alliances which may encroach upon the supremacy of the United States. That opinion recites: "There are many matters upon which different states may agree that can in no respect concern the United States." A mere reading of this section shows conclusively it has no application to such reciprocal agreement as has been entered into between Kentucky and Ohio in an effort to keep their respective tax laws from being evaded.

We find groundless appellant's argument that regulation CT-4 of the Department of Revenue is but an indirect method of unlawful seizure and search of its records. Appellant cites Youman v. Commonwealth, 189 Ky. 152, 224 S. W. 860, 13 A. L. R. 1303; Sullivan v. Brawner, 237 Ky. 730, 36 S. W. (2d) 364; Federal Trade Commission v. American Tobacco Company, 264 U. S. 298, 44 S. Ct. 336, 68 L. Ed. 696, 32 A. L. R. 786; and Bovd v. United States, 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746, in support of this argument. We do not see the applicability of any of these cases to the one before us. In the Youman case the sheriff had a warrant for the arrest of Youman for illegally selling liquor. Upon going to Youman's home to arrest him the sheriff discovered he was not there, and searching the house he found some liquor. As the sheriff had no search warrant, this court held such a search violated Section 10 of the Kentucky Constitution, which is practically the same as the fourth amendment to the Federal

Constitution, U. S. C. A. The Sullivan case related to an Act of the Legislature to control junk dealers, and the Act contained a provision requiring the owner of a junk yard to permit an inspection of his premises at any time by the sheriff, or any of his deputies, or the prosecuting attorney, or any person interested in the articles traded in. The evident purpose of the inspection being to ascertain if there were stolen property on the premises, this court held this Act violated Section 10 of the State Constitution. The American Tobacco case held that because the defendant was a large corporation doing business in many states did not prevent its private papers and records, which were not alleged to be evidence, from being immune to public inspection by a governmental agency on the possibility they may disclose evidence of crime.

Appellant places much reliance on the Boyd case to support its contention that it cannot be compelled to file reports showing the names and addresses of its customers, as this amounts to an unlawful search and seizure. That case did hold the government could not compel Boyd to produce private papers and invoices to be used as evidence against him in an action wherein the government was attempting to forfeit certain property belonging to Boyd for his alleged violation of a revenue law which provided a penalty of a fine from $50 to $5,000, or imprisonment up to two years, or both; this statute also provided for a forfeiture of the goods imported. The plaintiff in error asserted a claim for some of the goods forfeited, and was notified under a provision of the statute to produce his invoices. The Supreme Court of the United States held that while the information under which the papers and invoices were demanded was technically a civil proceeding, it was in substance, a criminal one. The court said [116 U. S. 616, 6 S. Ct. 534]:

> "As, therefore, suits for penalties and forfeitures, incurred by the commission of offenses against the law, are of this quasi criminal nature, we think that they are within the reason of criminal proceedings for all the purposes of the fourth amendment * * * and of that portion of the fifth amendment which declares that no person shall be compelled in any criminal proceeding to be a witness against himself."

The court held that a compulsory production of private books and papers of the owner of goods sought to

be forfeited in such a suit is an unreasonable search and seizure within the meaning of the fourth amendment, and is compelling him to be a witness against himself within the meaning of the fifth amendment.

Our case is easily distinguished from the Boyd case because there is no proceeding of any kind or character against the appellant. None of its papers or invoices are being seized or searched and all that is required of it is to produce the names and addresses of persons to whom it claims to have made out-of-state cigarette sales, upon which it claims exemption from the Kentucky cigarette tax. Appellant is only required to produce evidence to support its claim for tax exemption, and certainly this cannot in any manner be said to be an unlawful search or seizure of appellant's private records. If appellant does not want to produce the names of its customers and their addresses, it may refuse to do so by failing to claim the tax exemptions allowed it on cigarettes exported. But it is a reasonable regulation to require it to submit to the Department of Revenue of Kentucky the names and addresses of persons to whom it claims to have sold cigarettes in the State of Ohio when it asserts exemption from the cigarette tax on such sales.

Perceiving no error in the judgment of the chancellor, the same is affirmed.