**SOUTH CAROLINA PUBLIC SERVICE AUTHORITY v. 11,754.8 ACRES OF LAND, MORE OR LESS, IN BERKELEY COUNTY, S. C., et al.**

**No. 4822.**

Circuit Court of Appeals, Fourth Circuit.

Nov. 10, 1941.

James Julien Bush, of Charleston, S.C., and Ben Hill Brown, of Spartanburg, S. C. (R. M. Jefferies, of Walterboro, S. C., on the brief), for appellant.

Augustine T. Smythe, of Charleston, S. C., for appellees.

Before PARKER, SOPER, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an appeal from an order entered in the District Court of the United States for the Eastern District of South Carolina in an action instituted by the appellant, South Carolina Public Service Authority, seeking to condemn certain lands owned by Albert M. Barnes, Clarence Dillon, and Annie Dillon, the appellees. The case was before this court in Barnes v. South Carolina Public Service Authority, 120 F.2d 439. In the opinion of this court in that case will be found a statement of the facts.

Pending the appeal to this court the court below on December 27, 1940, entered an order directing the clerk of the court to pay, out of the fund in his possession, the taxes on the land in question for the year 1940. This was done without prejudice to the parties and for the purpose of avoiding penalties. On January 25, 1941, the appellees here filed a notice of motion to require the Authority to pay back to the clerk of the court the amount expended by him for taxes. This was followed by a motion on January 27, 1941, advancing additional grounds for the motion of January 25. On February 3, 1941, the court below entered an order requiring the condemnor (the Authority) to deposit the sum paid out for the 1940 taxes with the clerk of the court. In this order the court held that the owners of the land condemned were not liable for the taxes after possession was taken by the condemnor. From this order this appeal was brought.

The sole question involved is whether the owners of the land should pay the taxes on same to the date on which possession was taken by the condemnor or the date on which the condemnor received a deed for the land and the title passed.

The condemnor took possession of the land in question on March 29, 1940, and

the clerk of the court executed a deed passing the legal title to the land in June, 1941. It is the amount of the taxes for the period between the passing of possession and the passing of the title that is in dispute.

The pertinent statutes of the State of South Carolina are Sections 6, 7, 8 and 9 of the State Authorities Eminent Domain Act of the General Assembly of South Carolina for the year 1939, 41 Statutes at Large, 265, which read as follows:

"§ 6. Referees' and Procedure.—The right of eminent domain herein conferred upon such State Authority, Commissions, Board of Governing Bodies, shall be exercised by a Board of three Referees, one of whom shall be nominated and appointed by the State Authority * * *, and the Referees so appointed shall * * * appoint a third Referee. * * * the Board of Referees shall * * * determine the question of compensation submitted to them and any special damage the owner may sustain by reason of the acquisition of his property for such purpose, which award therefor shall be * * * filed in the office of the Clerk of Court. * * * Upon the payment of the compensation ascertained by the award or the deposit thereof with the Clerk of Court, or otherwise as hereinafter provided, said State Authority may enter upon said lands for the purpose of constructing the Project. * * *

"§ 7. Compensation of Referees and Officers and Interest.—* * * In the event of an appeal, interest at the legal rate shall be allowed and shall be paid to the land owner upon the final award as finally settle [settled] by the Courts, from the date that his property or any part of it is taken by the Authority, to the date upon which such final award as finally approved by the Courts is paid to the land owner or is deposited for his benefit in accordance with the provisions of this Act.

"§ 8. Appeals to Courts. Deposits of Awards—Revenue Stamps.—Any interested party may appeal to the Court of Common Pleas from the decisions of the Board of Referees * * * and it shall be heard in said Court de novo before a jury. * * * The verdict of the jury in such cases shall be final, unless set aside for the reasons for which verdicts may be set aside or modified in other cases, or unless the judgment of the Court be thereupon reversed for error of law on appeal to the Supreme Court. * * * The amount of the final verdict of the jury on appeal shall be paid to the Clerk of Court by the State Authority * * * and the said funds so paid to the Clerk of Court shall be disbursed to the owners in accordance with the final order of the Court: * * * Upon the final determination of the condemnation proceedings the Clerk of Court shall execute and deliver to said State Authority a good and sufficient deed, subject to the terms and provisions of this Act, conveying title to the properties described in the notice to owners free and clear of all encumbrances, and upon delivery to the State Authority by the Clerk of such conveyance said State Authority shall stand seized and possessed of the title and properties therein described, and shall be considered a purchaser in good faith thereof. * * *

"§ 9. Taxes.—Before the payment of the amount of the award or the verdict of the jury the Treasurer of the County in which the property being condemned is situated, upon request of the State Authority, shall file with the Clerk of Court for said County a statement showing the amount of State and County taxes due on the property which is being condemned, including the pro-rata taxes for the year in which such statement is filed; Provided, that should the assessment for taxes for such last referred to year not have been made, then the amount due for taxes for such year shall be estimated based on the assessment for the previous year. The state Authority may pay to the Treasurer all of the taxes shown on such statement out of the amount of the award or verdict of the jury and the Treasurer shall receipt the statement so filed with the Clerk. Upon the payment of such amount, which shall be deducted from the amount of the award or verdict to be paid to the owners, the property described in the Notice to Owners shall be free of lien for taxes for all years, including the year in which said statement is filed."

Under Section 2569 of the Code of Laws of South Carolina, 1932, all taxes for the year become a lien upon the property taxed at the beginning of the fiscal year during which the tax is levied.

The precise question here involved was before us in Coggeshall v. United States et al., 4 Cir., 95 F.2d 986, where we held that taxes were liens on the fund in the

hands of the court and were to be paid out of that fund up to the time when the title was vested in the condemnor.

The taxes were a lien on the land at the time of the verdict, and the verdict fixed 'the value of the land regardless of liens. The verdict in no sense included any adjustment of the liens. That was a matter for the court when the fund in its hands was distributed. It could not be contended that a mortgage given by the owner of land sought to be condemned was in any way included or settled by the verdict of a jury fixing the value of the land. The tax lien was at least of equal dignity as a mortgage lien and was in no way affected by the verdict.

It is contended by the appellees that the question of payment of the taxes was never brought to the attention of the jury and that if it had been the award of the jury would have been larger. We do not agree with this contention. The jury under proper instructions fixed the value of the land without reference to any liens that might be against it. The defendants in the condemnation suit could have had this question brought to the jury's attention had they asked the trial judge for instructions on that point. It is well settled that an award of compensation is conclusive as to every matter which could have been included therein, whether or not it was in fact included. Lockhart Power Co. v. Askew, 110 S.C. 449, 96 S.E. 685; Watts v. Norfolk & W. R. Company, 39 W.Va. 196, 19 S.E. 521, 23 L.R.A. 674, 45 Am.St.Rep. 894.

It is the contention of the appellees, and the judge below so held, that Section 9 of the State Authorities Eminent Domain Act is unconstitutional because it provides for payment to the owner of the property taken an amount less than the sum fixed as just compensation and therefore constituted a taking of property without compensation in violation of Section 1 of the 14th Amendment to the Constitution of the United States, and of Sections 5 and 17 of Article 1 of the Constitution of South Carolina. We cannot agree with this holding.

Section 7 of the Authority Act provides for interest to be allowed on the amount fixed as compensation, hence the owner is compensated for the value of the use of the land in the interval between the taking of possession and the payment of the award by the condemnor. Section 9 provides for the payment of the taxes pro rata and relieves the owner of the property of part payment of a lien already attached to the property for the whole year. Section 9 relieves the owner of a part of the tax burden instead of taking from him any part of the compensation awarded. To hold Section 9 unconstitutional would impose an additional burden in the instant case. Considered in this light the reason given by the court below for holding this section unconstitutional is removed. We are of the opinion that Section 9, when read with the other sections of the act and with the general tax statutes of the State, clearly shows the intention of the Legislature, is reasonable and just, and is constitutional.

Courts will not declare a statute unconstitutional if it can be avoided. Arkansas Louisiana Gas Co. v. Department of Public Utilities, 304 U.S. 61, 58 S. Ct. 770, 82 L.Ed. 1149; American Oil Co. v. Cox, 182 S.C. 419, 189 S.E. 660.

It is clear that the obligation to pay the taxes on land must rest upon the holder of the legal title rather than on whoever may have possession. The fact that one may lease or rent land in no way carries any obligation to pay the taxes.

It will be seen from a reading of Section 8 of the Authority Act that neither the institution of the condemnation suit, the finding of the award, the depositing of the amount of the award, the entry upon the lands nor the verdict of the jury, divests the landowners of the fee. It is only after the final determination of the suit and the authorized execution of the deed that the title passes. This provision is in accord with the rule adopted where no statute to the contrary exists. United States v. Bouchard, 2 Cir., 64 F.2d 482; Cherokee Nation v. Southern Kansas Railroad Co., 135 U.S. 641, 10 S.Ct. 965, 34 L. Ed. 295; Kennedy v. Indianapolis, 103 U. S. 599, 26 L.Ed. 550; United States v. Stubbs, D.C., 35 F.2d 357; Haig v. Wateree Power Co., 119 S.C. 319, 112 S.E. 55; South Carolina State Highway Department v. Bobotes et al., 180 S.C. 183, 185 S. E. 165.

The effect of the order appealed from would be to exempt the appellees from the payment of the taxes for the period in question. The Authority being exempted from the payment of taxes by the act

creating it the result would be that the taxes would be unpaid.

The holding of this court in the Coggeshall case, supra, is controlling here. The same holding has been made in a number of cases among which are: Jones, Tax Collector, v. Morse Bros. Lbr. Co., 171 Ga. 753, 156 S.E. 587; Bemis Hardwood Lbr. Co. v. Graham County, 214 N.C. 167, 198 S.E. 843; and Tracy v. Reed, C.C., 38 F. 69, 2 L.R.A. 773.

The taxes in question were a lien on the fund in the hands of the court and were, upon the distribution, properly payable out of it.

The order of the court below was erroneous and is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

Reversed.