RELIANCE INSURANCE COMPANY, a
Minnesota Corporation, Appellant,

v.

PUBLIC SERVICE COMMISSION,
Appellee,

and

American Grain & Cattle, Inc., Appellee.

Civ. No. 9253.

Supreme Court of North Dakota.

Feb. 17, 1977.

SAND, Justice.

This is an appeal from the order of the district court, Fourth Judicial District, Burleigh County, dismissing the appeal taken by Reliance Insurance Company from the decision of the Public Service Commission.

Residents of North Dakota lodged and filed a complaint against American Grain & Cattle, Inc., a Texas cooperative (hereinafter AGC—Tex), a roving grain and hay buyer. On 24 September 1975 a hearing was begun before the Public Service Commission's hearing examiner. Special Assistant Attorneys General appeared on behalf of the Public Service Commission and on behalf of the complainants. Reliance Insurance Company (hereinafter Reliance) was represented by its attorneys, but no appearance was made by AGC—Tex. However, an attorney appeared on behalf of American Grain & Cattle, Inc., a North Dakota cooperative (hereinafter AGC—ND), and the attorneys for the alleged guarantor of the bond also appeared.

The Public Service Commission issued its findings of fact, conclusions of law, and order on the 18th day of February, 1976, and served them on the parties by placing them in the mail on February 20, 1976.

The PSC mailed a copy of its findings of fact, conclusions of law, and order to Mr. L. E. Creel III, and James S. Mahon, the attorney for the court-appointed receiver of AGC—Tex.[1] Mr. Creel had been representing AGC—Tex at the proceedings before the bankruptcy court, but no showing has been made in the record before the PSC that Creel was hired by or vested with authority to represent AGC—Tex on the matter before the PSC.

Reliance Insurance Company (the appellant) appealed from the Public Service Commission decision and served its notice of appeal and specifications of error by mailing a copy on March 22, 1976, to: the attorney representing AGC—ND; the attorney representing the guarantor of the bond,

Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Ltd., Grand Forks, for appellant; argued by James L. Lamb, Grand Forks.

Jon M. Arntson, Sp. Asst. Atty. Gen., West Fargo, for Public Service Commission.

1. AGC—Tex was in bankruptcy court which issued an order involving the PSC. The PSC also appeared before the bankruptcy court.

Morris Jaffe; the Special Assistant Attorneys General representing the Public Service Commission; the Public Service Commission; and the Attorney General. No notice of appeal was mailed by Reliance to the attorney representing AGC—Tex. It also filed the notice of appeal and specifications of error, along with the affidavit of mailing, with the clerk of the district court for Burleigh County on March 22, 1976.

The district court dismissed the appeal of Reliance on the basis that AGC—Tex was a party to the proceedings before the PSC but had not been served with the notice of appeal, and that the notice of appeal was not served timely as to those who were served.

Reliance then appealed to this court from the district court order dismissing the appeal.

The principal issues on appeal are whether or not the notice of appeal was timely and whether or not the failure to serve the notice of appeal on AGC—Tex was jurisdictional so as to nullify the appeal.

The Special Assistant Attorneys General for the PSC and the claimants contended that the notice of appeal was not timely and that if mailing was used, notice would have to be received by the parties within thirty days. The PSC also contended that because § 28–32–15, North Dakota Century Code, is silent as to the type of service that may be employed or when service by mail is completed, it necessarily means that service, if by mail, is effective only upon receipt of the notice by the PSC and the parties and that the PSC did not receive the notice of appeal, by mail, until after thirty days had expired.

The pertinent provisions of § 28–32–15, N.D.C.C., relating to the appeal are as follows:

" . . . Such appeal shall be taken by serving a notice of appeal and specifications of error specifying the grounds on which the appeal is taken, upon the administrative agency concerned, upon the attorney general or an assistant attorney general, *and upon all the parties to the proceeding before such administrative agency,* and by filing the notice of appeal and specifications of error together with proof of service thereof, and the undertaking herein required, with the clerk of the district court to which such appeal is taken. . . . " [Emphasis added.]

■■■ We find it necessary to examine the rules of procedure which the parties argued pro and con as to their application.

Rule 1(a) of the Rules of Appellate Procedure was adopted by this court effective March 1, 1973, and in substance provides that the Rules apply only to appeals from district courts to the Supreme Court. The Appellate Rules, therefore, do not apply to the appeal in question here.

The Rules of Civil Procedure, 72 through 76, which would have dealt with appeals, were left blank, with the following notation: "Reserved for reference and possible future use. See N.D. Rules of Appellate Procedure."

Rule 81(a), North Dakota Rules of Civil Procedure, provides:

"The statutory proceedings listed in Table A are excepted from these rules insofar as they are inconsistent or in conflict with the procedure and practice provided by these rules."

An examination of Table A discloses that Chapter 28–32, N.D.C.C., the Administrative Agencies Practice Act, is not listed among the statutes, which implies that Chapter 28–32 is not exempt from the Rules of Civil Procedure.

Rule 81(b), N.D.R.Civ.P., entitled "Appeals to district courts," provides as follows:

"These rules do not supersede the provisions of statutes relating to appeals or to review by the district court, but shall govern procedure and practice relating thereto insofar as these rules are not inconsistent with such statutes."

By comparison, in the Rules of Evidence, Rule 1101(d)(3), specifically provides that the Rules of Evidence do not apply to proceedings under Chapter 28–32, N.D.C.C., the Administrative Agencies Practice Act.

Rule 5, of the Rules of Civil Procedure, as is pertinent, provides that every order and pleading, etc., shall be served upon each of the parties. It further provides that service need not be made on parties in default except if new or additional claims for relief against them are asserted, at which time they must be served in the manner provided for in Rule 4, N.D.R.Civ.P.

Rule 5(b), N.D.R.Civ.P., provides how service is to be made. It provides that service can be made upon the attorney for the party unless the court otherwise orders. It also provides that service may be made by mailing to his attorney at his last known address. Rule 5(b) also provides for other methods of service, and concludes with the following: "Service by mail is complete upon mailing."

Rule 5(d), N.D.R.Civ.P., as to filing, provides that whenever the papers are required to be filed it means filed with the clerk of court, unless otherwise provided by statute or by order of the court at or prior to the time of filing of the notice. This rule also provides that if the party fails to comply with the filing requirement the court may order the service to be of no effect.

Rule 6, N.D.R.Civ.P., pertains to time and, as is material, provides that the day of the act from which the period begins to run shall not be included. It further provides that:

"The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday."

The PSC findings of fact, conclusions of law, and order were mailed to the parties appearing at the hearing on February 20, 1976. February 1976 had 29 days. The thirty days, in accordance with the rule and case law, began to run on the 21st day of February. The 30th day fell on March 21, a Sunday, so that in accordance with Rule 6, N.D.R.Civ.P., the appealing party had one additional day, bringing the end of the period to March 22. There is no dispute that the notice of appeal and specifications of error were mailed on March 22, 1976.

Reliance also contended that under Rule 6(e), N.D.R.Civ.P., an additional three days should be added to the prescribed time for filing and serving notice of appeal. However, because we have reached the conclusion that service was timely made, we are not required to consider this rule.

Section 28–32–13, N.D.C.C., provides, in part, as follows:

"  .   .   . The agency shall give notice of its decision or determination in any proceeding heard by it by delivering a copy of such decision or determination to all the parties to the proceeding either personally or by registered or certified mail, and if such notice is given by registered or certified mail, the notice shall be deemed given as of the date of the registry or certification."

By comparison, § 28–32–15, N.D.C.C., *supra*, does not provide how the appeal is to be served, nor does it provide when service is deemed given. Neither does it provide the manner in which the "thirty days" are to be computed.

We deem it highly improbable that the Legislature intended or would have provided one standard of procedure for giving notice to be used by the administrative agency and deny the use of the same procedure to the parties appearing before the same administrative agency, all in the same chapter, without using language clearly, definitely, and precisely stating so. The answer to this question must depend upon the construction of the statute, the application of appropriate rules and North Dakota case law on the subject.

In support of its position, the PSC cited a number of Wisconsin cases, including *Kohnke v. Industrial Commission*, 52 Wis.2d 687, 191 N.W.2d 1 (1971), and *Ryan v. Wisconsin Department of Revenue*, 68 Wis.2d 467, 228 N.W.2d 357 (1975).

The PSC also called our attention to *Henry McAllister, House Mover and Indemnity Company v. Johnson*, 281 So.2d 306 (Fla. 1973), wherein the court dismissed an ap-

peal because it was not filed with the Industrial Relations Commission or Judge within 20 days after the copies of the Judge's order were mailed to the parties at the last known address of each. It was unsuccessfully contended that because service by mail was involved, additional time, in accordance with Appellate Rule 3.4 subd. b(3) 32 F.S.A., should be allowed. The court, however, did not agree. Two of the judges dissented and would have held that the rule allowing additional days for mailing should apply.

The PSC, in support of its argument that the Rules of Civil Procedure do not apply to administrative agencies, also relied upon a statement in *Colgate-Palmolive Company v. Dorgan*, 225 N.W.2d 278 (N.D.Dec.1974), as follows:

"There appears no authority for transplanting the Rules of Civil Procedure into administrative proceedings."

However, the context in which this statement is found clearly indicates that it is a mere recitation of inherent power of the court or actions the trial court may take which are not available to the administrative agency.

The above statement is found in the following paragraph:

"The Commissioner argues that in an administrative hearing his hearing examiner should have powers comparable to those granted a judge under the North Dakota Rules of Civil Procedure. Rule 37 authorizes a judge to take appropriate action up to and including dismissal of a complaint or striking of a defense upon failure of a party to comply with discovery properly requested by the opposing party. There appears no authority for transplanting the Rules of Civil Procedure into administrative proceedings. Granting an administrative agency, with prosecutory and adjudicative functions, powers coextensive with the court would raise serious constitutional questions."

In reading the entire paragraph it appears obvious that the court did not conclude that the Rules of Civil Procedure do not apply to administrative agencies.

We also consider it highly improbable that this court in *Palmolive, supra,* decided only within a period of four months after *Evanson,* intended to reverse its holding in *Evanson v. Wigen,* 221 N.W.2d 648 (N.D. 1974), which held that Rule 65, N.D.R. Civ.P., and Rule 43(e), N.D.R.Civ.P., apply to administrative agencies without even mentioning the *Evanson* case.

We are fully aware that each State is free within the constitutional limits to select standards of procedure appropriate to the recognized needs of its jurisdiction. Consequently, before cases of another jurisdiction will be persuasive to this court on procedural matters it is essential that the case law appertains to statutes and rules similar to those in North Dakota.

We have examined the case law of Wisconsin and of other jurisdictions and find that they are not helpful to us on this question because the respective states do not have statutory provisions or rules of procedure similar to those in North Dakota.

■ We are convinced that our function in construing the statutes is to harmonize and reconcile the various sections within the same chapter whenever possible rather than develop inconsistencies or incongruities. In the absence of a specific showing to the contrary, we believe that the procedures provided for by statute which may be followed by the administrative agency in giving notice are also appropriate to be used by the parties appearing before the same agency to give notice on the same or related subject matter.

After reviewing the rules and statutes mentioned above, we conclude there is no inconsistency between the statutes and rules. We further conclude that the statutes in question can be harmonized with each other and that the North Dakota Rules of Civil Procedure are in harmony with these statutes.

■ We specifically conclude that the service in question here was made timely on the basis that §§ 28–32–13 and 28–32–15 of the Administrative Agencies Practice Act

as we construe and harmonize them with the Rules of Civil Procedure permit service by mail and imply that the service is completed or effective upon mailing rather than upon receipt of the notice.

The PSC, however, also contended that the failure to serve the notice of the appeal upon AGC—Tex made the appeal jurisdictionally fatally defective. Reliance countered by arguing that the PSC does not have legal standing to make the objection and argued further that AGC—Tex did not appear at or withdraw from the hearing before the PSC, and therefore it was not required to be served with the notice of appeal.

■ The argument of PSC is premised on the statutory provisions of § 28–32–15, N.D. C.C., which provides that the notice of appeal shall be served upon all parties to the proceedings before the administrative agency, which would include AGC—Tex as a party to the proceedings.

Reliance also argued that the order by Judge Ford of the Bankruptcy Court of Texas effectively eliminated AGC—Tex in the proceedings before the PSC. This order, in part, provides as follows:

" . . . it is

"ORDERED that the North Dakota Public Service Commission be, and it hereby is, authorized to continue the prosecution of the Complaint now pending before it on the roving grain and hay buyers' bond posted by the American Grain & Cattle, Inc., debtor, as principal and Reliance Insurance Company as surety, said action to be prosecuted only to the penal sum of said bond in the appropriate forum for the determination of such complaint; and it is further

.     .     .     .     .

"ORDERED that no judgment be entered in either such action against the Debtor [American Grain of Texas], but that judgment may be entered in such action and recovery made against Reliance Insurance Company or such others not parties to the above captioned proceedings; and it is further

"ORDERED that no judgment in such action shall constitute res judicata, collateral estoppel or other bar to the right of the Debtor or other party to contest any claim of said insurance company, its indemnitors or any other party in this bankruptcy proceeding; . . .

.     .     .     .     .

"DATED: May 12, 1975."

This order did not stay the proceedings before the PSC but rather specifically authorized the proceedings to continue with conditions attached. Neither did it remove AGC—Tex as a party from the PSC hearing.

This court has held that "Only those persons having an interest in the subject matter of the appeal need be made parties thereto." *Alm Construction Company v. Vertin,* 118 N.W.2d 737 (N.D.1962).

In *Application of Bank of Rhame,* 231 N.W.2d 801 (N.D.1975), with reference to who is a proper party, we said it

" . . . should not be resolved on strict technical grounds which could result in the public being denied the opportunity to question the actions of the governing . . . body . . . . Any doubt on the question of standing involving a decision by an administrative body should be resolved in favor of permitting the exercise of the right of appeal by any person aggrieved in fact.

" . . . The question of who are parties to the proceedings must be determined from the record rather than from the entitlement of the proceedings."

This court held,

"We believe that any person who is directly interested in the proceedings before an administrative agency who may be factually aggrieved by the decision of the agency, and who participates in the proceeding before such agency, is a 'party' to any proceedings for the purpose of taking an appeal from the decision."

Regarding the standing to challenge a judicial review, this court, in *Eckre v. Public Service Commission,* 247 N.W.2d 656 (N.D.1976), said:

"This court has recently examined the use of the principle of standing to obstruct judicial review of administrative agency action, in *Citizens State Bank of Neche v. Bank of Hamilton,* 238 N.W.2d 655, 658 (N.D.1976), wherein we stated:

" 'We recognize a sharp distinction between an administrative agency's appearance to explain or defend its decision and its appearance challenging the standing of those seeking a review of its decision. The former sometimes is unavoidable or even necessary and frequently serves a useful purpose by bringing to the attention of the appellate court some of the expertise and considerations involved in arriving at the decision; whereas the latter is a deliberate effort to prevent a judicial review of the agency's decision.' "

■ The position of the PSC would seem to fall within the latter category. We do not look favorably upon such posture.

However, even if we were to conclude that the PSC has no standing to challenge the appeal of Reliance for failing to serve AGC—Tex as a party, we nevertheless have complications in this instance because the attorneys for PSC also represented claimants.[2] We therefore deem it advisable to resolve the question of whether or not notice of appeal to AGC—Tex was jurisdictionally necessary.

This court, in *Evanson v. Wigen,* 221 N.W.2d 648 (N.D.1974), had under consideration procedures to be followed by an administrative agency before entering a judgment of default where an appearance had been made as provided for in the North Dakota Rules of Civil Procedure, Rule 55. Without comment, the court applied the provisions of the Rule. The court also specifically held that the proceedings in question were governed by Chapter 28–32, N.D. C.C., the Uniform Administrative Agencies Practice Act. Even though we conclude that AGC—Tex was not in default techni-

cally, which will be discussed later, the *Evanson* case, *supra,* clearly constitutes authority for applying the Rules of Civil Procedure to administrative agencies.

In applying the standards set forth in the *Rhame Bank* case, *supra,* we have no difficulty in concluding that AGC—Tex, for the purpose of appealing the decision of the PSC, met most of the requirements of a party at the hearing before the PSC, except it did not participate directly at the hearing. However, this does not resolve the question whether or not the appeal was defective for failure to serve the notice of appeal and specifications of error, as contended, upon AGC—Tex, nor does it resolve the question whether or not AGC—Tex is an adverse party to Reliance, the appellant.

Reliance strenuously argued that AGC—Tex had been given notice of appeal by serving the attorney representing AGC—ND, and a Mr. Kenneth Spitzer, the registered agent for service of process for AGC—Tex. The application to do business in this State filed with the Secretary of State lists Mr. Kenneth Spitzer as its agent for service and process. Reliance also contends that Kenneth Spitzer did not dispute that he was served with a copy of the notice of appeal and specifications of error when the copy was mailed to his attorney, who admits receiving them. But the attorney for Kenneth Spitzer, in an affidavit dated April 16, 1976, subsequent to the filing of the appeal, stated he represented Spitzer personally and not as a representative of AGC—Tex, and further that his appearance as an attorney was to represent AGC—ND and not AGC—Tex.

While the district court made no specific findings on this fact question, it in effect reached the conclusion that no service was made on AGC—Tex according to the reasons given for issuing its order of dismissal. We have no facts before us which would refute such inference.

fact we would have justification to conclude that PSC has no standing to make the challenge. This does not imply that the PSC could not challenge an appeal if it were not served.

In order to determine if AGC—Tex is in default at the hearing before the PSC so as to put into operation a principle of law the record before us, again, is not very helpful.

The proceedings before the PSC were entitled *"Public Service Commission v. American Grain & Cattle, Inc., and Reliance Insurance Company,* a Minnesota corporation (In the Matter of the Claim Against Roving Grain Dealers Bond—60–03, NDCC)". The record does not reflect how or if the PSC gave notice of the hearing to AGC—Tex, but that is not in contention on this appeal.

Also, the record before us is meager, if not wanting, with reference to how, or if, the findings of fact, conclusions of law, and order of the Public Service Commission were served upon AGC—Tex.

The transcript of the hearing before the PSC discloses that AGC—Tex neither appeared nor participated at the hearing before the Public Service Commission. However, even if we were to assume that AGC—Tex is a party, without evidence showing that it had notice of the hearing before the PSC, it is virtually impossible for this court to determine whether or not AGC—Tex was in default so as to make Rule 5(a), N.D.R.Civ.P., applicable, which Rule, in part, provides:

> "No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4."

The proceedings leading up to, and the order of Judge Ford of the bankruptcy court of Texas, indicate strongly that AGC—Tex had information that proceedings were taking place before the Public Service Commission. But proceedings before the bankruptcy court took place a considerable time after the hearing before the Public Service Commission was started, consequently this does not constitute a basis for concluding that AGC had advance notice of the scheduled hearing before the PSC.

Based solely on the record before us, we are unable to determine that AGC—Tex had proper notice of the hearing scheduled before the PSC so as to declare AGC—Tex in default for no appearance at the hearing. However, this does not resolve the issue whether or not failure to serve the notice of appeal on AGC—Tex was fatal or fundamentally defective. We now need to determine the party status of AGC—Tex.

We also need to determine the meaning of the term "party" as found in § 28–32–15, N.D.C.C., of the Administrative Agencies Practice Act, which is germane to our question and is found in the following context:

> *"Appeal from determination of agency—Time to appeal—How appeal taken.* — . . . Such appeal shall be taken by serving a notice of appeal . . . upon all the parties to the proceedings before such administrative agency . . . ."

By comparison, the term "party" in § 28–27–05, N.D.C.C., relating to civil actions, is used in the following manner:

> "An appeal must be taken by serving a notice . . . on the adverse party . . . ."

In the *Rhame Bank* case, *supra,* we noted that the term "party" is not defined in Chapter 28–32, N.D.C.C., the Administrative Agencies Practice Act. We also noted that the term "party" has various meanings depending upon the context in which it is used and the nature of the subject matter. After further discussion, we ultimately concluded that any person who is directly interested in the proceedings before an administrative agency who may be factually aggrieved and who participated in the proceedings before such agency is a party for the purpose of taking an appeal from the decision of the agency.

The language, "upon all the parties to the proceeding before such administration agency," as found in § 28–32–15, N.D.C.C., is subject to construction. The phrase, "to the proceeding before such administrative agency" can be construed to mean that it refers to those who were actually present and participated, and it can be construed to

mean and include those who were named parties to the proceedings. The latter construction, however, can bring about further difficulties because the proceedings before an agency usually is entitled "In the Matter of," rather than "John Doe v. Frank Roe."

The Texas civil court of appeals in the case of *American Employers' Insurance Co. v. Dallas Joint Stock Land Bank,* 170 S.W.2d 546 (Tex.Civ.App.1943), held that in an action by an employer against the surety to recover on fidelity bond for loss caused by the default of the bonded employee or officer, the surety's obligation to the employer is primary in character and the employer is not required to join the officer or employee whose default occasioned the loss.

In *State ex rel. Continental Casualty Co. v. Superior Court for Spokane County,* 33 Wash.2d 839, 207 P.2d 707 (Wash.1949), it was held that the refusal of the court to bring in as a party defendant the employee whose default allegedly caused the loss in a cross-complaint of the surety does not constitute an abuse of discretion.

While these cases are not directly in point, nevertheless they illustrate that the bonded party need not be a party to recover on the bond and that the bonding company, or the surety, is the real party in interest.

The bond in effect provides that American Grain & Cattle, Inc., as principal, and Reliance Insurance Co., as surety company, are held and firmly bound unto the State of North Dakota for the use and benefit of all persons selling grain or hay to licensee and specifically to protect such persons from loss or damages in money in the penal sum of $250,000.

The term "party" is also given a refined meaning in Rule 17(a), N.D.R.Civ.P., which, in part, provides as follows:

"Every action shall be prosecuted in the name of the real party in interest. . . ."

In *E. E. Bach Millwork Co. v. Meisner and Company,* 228 N.W.2d 904 (N.D.1975), we quoted from earlier decisions as follows:

"A real party in interest . . . is one who has a real, actual, material, or substantial interest in the subject matter of the action . . . ."

In *Newby v. Johnston's Fuel Liners, Inc.,* 122 N.W.2d 156, 159 (N.D.1963), with reference to Rule 17(a), N.D.R.Civ.P., this court stated as follows:

"The purpose of the rule requiring that all actions be prosecuted in the name of the real party in interest is to prevent double liability and the vexations of multiple suits. . . ."

We do not believe the Legislature intended to impose a stricter and a more technical requirement on appeals from administrative agency determinations than it provided for appeals from decisions in civil actions. The purpose of the administrative proceedings, as we view it, is to facilitate rather than to complicate them with technicalities in certain matters under consideration by the administrative agency. Even in regular court matters technicalities are being eliminated.

■ Taking into account the purposes and objectives as revealed by § 28–32–15, N.D.C.C., and the context in which it is found, we conclude that the term "party" means real party in interest, as well as an adverse party.

■ The interests of AGC—Tex and Reliance, the bonding company, are not adverse to each other. It is to the benefit of Reliance to protect and defend AGC—Tex. The ultimate cost will fall upon Reliance if it is determined that AGC did not perform properly, and Reliance would be required to pay the resulting damages. Consequently, it is to the benefit of Reliance to protect AGC—Tex in every instance, and to make sure that each claim filed against AGC—Tex is properly and adequately defended. In essence, the real party of interest in these proceedings is Reliance. If Reliance is successful in its appeal such success will be a benefit and not a detriment to AGC—Tex. It is very unlikely, and would require some very unusual events, for AGC—Tex to suffer a greater loss if Reliance's appeal is successful.

This court in *Oil Investment, Inc. v. Dallea Petroleum Corp.,* 150 N.W.2d 189 (N.D.

1967), said that an adverse party, within the statute [§ 28–27–05, N.D.C.C.] relating to the service of the notice of appeal, is one whose interest in the judgment appealed from is in conflict with the modification or reversal sought by the appellant. See, *Udgaard v. Schindler,* 75 N.D. 625, 31 N.W.2d 776 (1948); *Smith v. Grilk,* 64 N.D. 163, 250 N.W. 787 (1933); *Colwell v. Union Central Life Ins. Co. of Cincinnati,* 59 N.D. 768, 232 N.W. 10, 88 A.L.R. 409 (1930); *Powell v. International Harvester Co. of America,* 41 N.D. 220, 170 N.W. 559 (1918).

This court also observed that the title of the proceedings does not determine if the parties are adverse to each other. If the interest of the party in relation to the subject of the appeal is such that the party would be prejudicially affected by a modification or reversal of the judgment appealed from, then such person would be an adverse party without regard to whether such person appeared as plaintiff, defendant, or intervenor in the trial court.

In *Powell v. International Harvester Co. of America,* 41 N.D. 220, 170 N.W. 559, 568 (1918), this court said:

"An 'adverse' party, within the meaning of the statute relating to service of notice of appeal, is one whose interest in the judgment or order appealed from is in conflict with the modification or reversal sought by the appellant."

■ From the foregoing authorities, it becomes apparent that not every party named in the title of an action is an adverse party on appeal taken. The interest or interests of the respective parties determine whether or not they are adverse to each other. See, *Hanson v. Zoller,* 174 N.W.2d 354, for further definitions and restatements of what constitutes an adverse party.

After having reviewed the record, we are convinced that the interest of AGC—Tex and Reliance are not adverse to each other and that a successful appeal will not be detrimental, but will in fact be beneficial to AGC—Tex. AGC—Tex is not an *adverse* party to Reliance, the real party in interest. We therefore conclude that Reliance's failure to serve its notice of appeal upon AGC—Tex is not fatally or jurisdictionally defective. Accordingly, the district court's order dated May 28, 1976, dismissing the appeal is reversed.

ERICKSTAD, C. J., and VOGEL, PEDERSON and PAULSON, JJ., concur.