v.

R. L. G., Respondent and Appellee.

Howard V. EGAN, Jr., Petitioner
and Appellee,

v.

D. M. G., a Child, Robert C. Heinley,
Guardian ad Litem of Said Child, and
R. L. G., Respondents and Appellees,

and

J. L. R. and D. J. B., Respondents
and Appellants.

Civ. Nos. 9907, 9927.

Supreme Court of North Dakota.

Oct. 23, 1981.

Thomas M. Disselhorst, Bismarck, for appellants J. L. R. and D. M. R., mother, a/k/a D. J. B.

Richard B. Baer, Bismarck, for appellee R. L. G.

Fabian Noack, Carrington, for petitioner and appellee Howard V. Egan, Jr.; no appearance.

Robert C. Heinley, Carrington, as guardian ad litem for D. M. G., a child; no appearance.

VANDE WALLE, Justice.

This matter involves motions to dismiss appeals consolidated for hearing. The appeals are from an order and a judgment of the district court of Foster County concerning custody of Debbie (a fictitious name). In case No. 9907 John and Darlene (fictitious names) appeal from an order dismissing a writ of habeas corpus wherein they sought custody of Debbie. Case No. 9927 involves an appeal from a judgment determining that Rodney (a fictitious name), not John, is the natural father of Debbie, and that the best interests of Debbie would be served by placing custody with Rodney. Darlene is the natural mother of Debbie. We are not concerned with the merits of these proceedings but only with Rodney's motions to dismiss the appeals for failure to comply with Rule 11, N.D.R.App.P., Transmission and Filing of the Record; Rule 12(a) and (b), Docketing the Appeal; and Rule 31, Filing and Service of Briefs.

In the habeas corpus proceeding John and Darlene sought to obtain custody of Debbie from Rodney. An order dismissing the writ of habeas corpus was entered on August 9, 1980, and a notice of appeal was timely filed. An order permitting John and Darlene to proceed "in forma pauperis," waiving the bond required by Rule 7, N.D.R. App.P., and requiring all fees incurred in the preparation and serving of the transcripts and records and the attorney fees incurred by John and Darlene to be paid by Foster County was signed by the trial court on December 8, 1980. The transcripts and record were duly certified to this court in case No. 9907 but the brief for the appellants, John and Darlene, was not filed as required by Rule 31, N.D.R.App.P. A brief for the appellants was filed on August 28, 1981, after the motions to dismiss had been set for hearing.

In case No. 9927, involving a deprivation proceeding under the Uniform Juvenile Court Act, Chapter 27–20, N.D.C.C., a judgment was entered on December 8, 1980, in which Rodney was determined to be the natural father of Debbie; that it would not be in the best interests of the child to be placed in the home of her natural mother, Darlene, and John; and that Rodney is a fit and proper person to have care, custody, and control of Debbie. John and Darlene filed a notice of appeal from the judgment on January 8, 1981, and the trial court, on January 30, 1981, signed an order granting John and Darlene's motion to proceed "in forma pauperis," ordering that the record and transcripts be prepared and served, without cost to John and Darlene, and further ordering that all costs incurred in the preparation and serving of the record and transcripts on appeal should be paid by Foster County. Although the transcripts were prepared and certified to this court, the record on appeal was not certified until June 11, 1981, nor was a filing fee paid until August 5, 1981.

It appears that the failure to file the record was due, at least in part, to some confusion of the clerk at the trial court level as to the proceedings, i. e., a record had already been filed in the habeas corpus proceeding. It is understandable that there would be considerable confusion as to the two proceedings because the issues in both were essentially the same—the custody of Debbie. In addition, the record contains numerous motions, petitions, affidavits, or-

ders, etc., a "blizzard" of paper, and may have unnecessarily confused and complicated the procedures. Although it is the clerk's function to transmit the record on appeal, the Procedure Committee Notes to Rule 11 make it abundantly clear that it is the responsibility of counsel for an appellant to assure that the record is timely transmitted.[1]

■ Rule 11(h), N.D.R.App.P., authorizes this court, on motion, to dismiss the appeal if the appellant fails to cause timely transmission of the record. Rule 12(b), N.D.R.App.P., authorizes this court, on motion, to dismiss the appeal if the appellant fails to pay the docket fee if a docket fee is required. Rule 31(c), N.D.R.App.P., authorizes this court, on motion, to dismiss an appeal if an appellant fails to file his brief within the time provided by the rule. In all instances the determination to dismiss the appeal for those reasons is wholly discretionary with this court. *Kastrow v. Kastrow*, 310 N.W.2d 573 (N.D.1981).

■ In exercising our discretion in determining whether or not to dismiss an appeal we have inquired into such matters as the prejudice to the other party by appellant's failure to comply with the rules; the demonstrated justification for the appellant's failure to comply with the rules; the curing of the defect prior to oral argument so that the merits may be evaluated; and the merits of the underlying appeal. *Matter of Estates of Kjorvestad*, 304 N.W.2d 83 (N.D. 1981).

■ An examination of these matters with regard to the instant appeals causes us to conclude that there was at least superficial justification for the failure of the appellants to pay the docket fee for the appeal in case No. 9927 and for the failure to transmit the record in that case. That reason, as we have heretofore noted, involves the confusion as to the record which had already been transmitted and the record in the juvenile court proceeding. Both proceedings involved the same issue and are, to some extent, intertwined. As a result of this confusion and other matters the briefs were not filed timely. The failure to pay the docket fee may also be due in part to that confusion.[2]

The appellants' brief has now been filed and the docket fee has now been paid.

Although these factors may weigh in John and Darlene's favor, Rodney argues with considerable merit that he and Debbie have been prejudiced by this delay. It appears obvious that this delay in determining custody may be prejudicial to Debbie. It is, however, uncontroverted that Darlene is the natural mother of Debbie. We believe that fact must be considered and given weight in determining whether or not to dismiss her appeal from a judgment which denies her the custody of that child. We therefore conclude that the motion dismissing the appeal from the judgment in case No. 9927, the juvenile court proceeding, should be denied.

■■ We do, however, grant the motion to dismiss the appeal from the order dismissing the writ of habeas corpus in case No. 9907.[3] The issue in both cases is the

1. The Procedure Committee Notes to Rule 11, N.D.R.App.P., include the following:
   "The duty of transmission of the record to the Supreme Court is imposed upon the clerk of the trial court. However, the appellant's counsel has the primary responsibility for assuring that there is timely transmission of the record."

2. We note for the record that at least a part of the blizzard of paper was created when John was representing himself *pro se*. We also note for the record that documents bearing impressive legal titles are not, of themselves, impressive to the court. The confusion apparently was compounded by the fact that subsequent to the *pro se* representation and prior to current counsel there were several attorneys who represented John and Darlene during a portion of these complicated proceedings.

3. The issue of appealability of an order dismissing a writ of habeas corpus was not argued as one of the grounds for dismissing the appeal. The order denying an application for a writ of habeas corpus ordinarily is not appealable. *Ex parte Simonson*, 54 N.D. 164, 209 N.W. 211 (1926). However, where a habeas corpus proceeding is instituted to determine the custody of a child, it is tried as an equitable action and an appeal is permitted. See *In re Wagner*, 84 N.W.2d 587 (N.D.1957).

same, i. e., the custody of Debbie. A dismissal of this action will serve to reduce the confusion that exists in these matters although portions of both records may be necessary to a determination of the issue. Additionally, we have previously indicated that we consider a habeas corpus proceeding ill-suited to a determination of child custody. *Mansukhani v. Pailing*, 300 N.W.2d 847 (N.D.1980).

The motion to dismiss the appeal in case No. 9907 is granted.

The motion to dismiss the appeal in case No. 9927 is denied.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.