The **FEDERAL LAND BANK OF
SAINT PAUL,** a corporation,
Plaintiff and Appellee,

v.

David A. OVERBOE et al., Defendants.

Ronald Brakke, Defendant
and Appellant.

Civ. No. 870264.

Supreme Court of North Dakota.

June 28, 1988.

Gunhus, Grinnell, Klinger, Swenson &
Guy, Fargo, for plaintiff and appellee; ar-
gued by Nancy Fay.

Ronald A. Brakke, Horace, pro se, ar-
gued by Wendy A. Nora, Minneapolis,
Minn., for defendant and appellant.

ERICKSTAD, Chief Justice.

Ronald Brakke appeals from a district
court judgment granting the Federal Land
Bank of St. Paul [Bank] foreclosure of a
mortgage. Because Brakke has not filed a
bond for costs on appeal as ordered by this
court, we dismiss the appeal.

After Brakke, acting pro se, filed his
notice of appeal in this case, the Bank filed
a motion in this court requesting an order
directing Brakke to file a cost bond as

required by Rule 7, N.D.R.App.P.,[1] or requiring Brakke to file a supersedeas bond underwritten by an entity other than "Commonwealth Title." We ordered that Brakke "file a cost bond in the required amount to be provided by a licensed surety in the State of North Dakota." Shortly before oral argument, Brakke responded with a "Petition to Rehear" and a "Motion for Leave to Proceed in Forma Pauperis." He also filed with this court an affidavit stating in part that "because of my poverty I am unable to pay the costs of said proceedings or to give security." He further alleged that denial of his request to waive the cost bond would violate his state and federal constitutional rights. At oral argument in this court, during which Brakke was represented by counsel, we requested additional briefs on the question whether or not Brakke is entitled to an exemption from filing a cost bond on appeal due to his alleged indigency.

Brakke asserts that, because he is indigent, a refusal to waive the $250 cost bond requirement of Rule 7, N.D.R.App.P., would violate his rights under Article 1, § 9 of the North Dakota Constitution as well as his due process and equal protection rights under the Federal Constitution. He relies upon *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), in which the United States Supreme Court held that due process prohibits a state from denying, solely because of ina-

bility to pay court fees and costs, access to its courts to individuals who seek judicial dissolution of their marriages. *But compare United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973); *Ortwein v. Schwab*, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973); and *Patten v. Green*, 369 N.W.2d 105, 107 (N.D.1985). We deem it unnecessary, however, to address Brakke's constitutional argument under the circumstances of this case.

Unlike § 27–01–07, N.D.C.C.,[2] which allows any court in the judicial system to waive, at its discretion, filing fees for indigents in a civil action, the language of Rule 7, N.D.R.App.P., indicates that a request of this nature concerning the bond for costs on appeal must be made to the trial court. *See generally J.L.R. v. R.L.G.*, 311 N.W.2d 191 (N.D.1981). Rule 7 expressly provides that the "bond or equivalent security shall be in the sum or value of $250 *unless the trial court fixes a different amount.*" (Emphasis added.) Thus, Brakke's request for waiver of the cost bond under Rule 7 should initially have been brought before the district court rather than this court. The record on appeal does not disclose that Brakke first applied to the trial court for waiver or reduction of the cost bond and was denied. Rules or statutes on procedure will not be modified or applied differently merely because a party not learned in the law is acting pro se.

1. Rule 7, N.D.R.App.P., provides:
   "RULE 7. BOND FOR COSTS ON APPEAL IN CIVIL CASES
   "Unless (1) an appellant is exempted by law, (2) an appellant has filed a supersedeas bond or other undertaking which includes security for the payment of costs on appeal, or (3) the appellee waives in writing the requirement, in civil cases a bond for costs on appeal or equivalent security shall be filed by the appellant with the clerk of the trial court with the notice of appeal; but security shall not be required of an appellant who is not subject to costs. The bond or equivalent security shall be in the sum or value of $250 unless the trial court fixes a different amount. A bond for costs on appeal shall have sufficient surety, and it or any equivalent security shall be conditioned to secure the payment of costs if the appeal is finally dismissed or the judgment affirmed, or of such costs as the supreme court may direct if the judgment is

   modified. The bond must show the place of residence of each surety. If a bond or equivalent security in the sum or value of $250 is given, no approval thereof is necessary. After a bond for costs on appeal is filed, an appellee may raise for determination by the clerk of the trial court objections to the form of the bond or to the sufficiency of the surety. The provisions of Rule 8(b) apply to a surety upon a bond given pursuant to this rule."

2. Section 27–01–07, N.D.C.C., provides:
   "27–01–07. Civil action fees—Waiver. Any filing fees connected with any civil action to be heard in any of the courts of the judicial system as listed in section 27–01–01 may be waived with or without a hearing, at the court's discretion, by the filing of an in forma pauperis petition accompanied by a sworn affidavit of the petitioner relating the pertinent information regarding indigency."

*E.g. Hennebry v. Hoy*, 343 N.W.2d 87 (N.D.1983). Because Brakke did not follow the correct procedure for attempting to secure a waiver of the cost bond under Rule 7, we conclude that his constitutional challenge is not properly before us.

The failure to file a cost bond is not an automatic ground for dismissal. *See Farmers State Bank of Leeds v. Thompson*, 372 N.W.2d 862 (N.D.1985); *Latendresse v. Latendresse*, 283 N.W.2d 70 (N.D.1979); *Tower City Grain Co. v. Richman*, 232 N.W.2d 61 (N.D.1975). Rule 3(a), N.D.R.App.P., provides in part that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court deems appropriate, which may include dismissal of the appeal." In exercising our discretion in determining whether to dismiss an appeal, we inquire into such matters as the prejudice to the other party by appellant's failure to comply with the rules; the demonstrated justification for the appellant's failure to comply with the rules; the curing of the defect prior to oral argument so that the merits may be evaluated; and the merits of the underlying appeal. *See J.L.R. v. R.L.G., supra*, 311 N.W.2d at 193.

The Bank is prejudiced in the sense that there is no security for the eventual payment of any costs that could be awarded to it in this appeal. Moreover, Brakke has not demonstrated sufficient justification for his failure to comply. Brakke did not seek a change in the amount of the cost bond when he filed his appeal. The Bank did not waive the cost bond requirement in writing, but made a motion in this court requesting an order that Brakke file the bond. Only after this court ordered that he do so, did Brakke respond, shortly before oral argument, seeking a waiver of the requirement due to his alleged indigency, and attempting to mount a constitutional attack. Furthermore, because Brakke failed to appear at the trial in this case to offer evidence or present his arguments to the trial court, his major issues on appeal are of dubious merit.[3] *See Horace Farmers Elevator Co. v. Brakke*, 383 N.W.2d 838 (N.D.1986). We deem these circumstances sufficient to warrant dismissal of Brakke's appeal.

Accordingly, the appeal is dismissed.

GIERKE, VANDE WALLE and LEVINE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of MESCHKE, J., disqualified.

---

3. Brakke contends that the main reason for his absence at the trial and the pretrial conference was because he had been excluded from the pretrial conference by an improper order allegedly requiring that he be represented by an attorney. Brakke is no stranger to the litigation process, and we do not believe the trial court's "order for pretrial conference" can be reasonably construed as excluding him from participating in any of the proceedings unless he was represented by counsel.